[Crim. No. 999. In Bank.—May 20, 1904.]

THE PEOPLE, Respondent, v. JESS HOWARD, Appellant.

CRIMINAL LAW—RAPE—PENETRATION—"INTERCOURSE"—EVIDENCE—INSTRUCTION.—Upon a criminal prosecution for rape, alleged to have been committed by sexual intercourse with a female under sixteen years of age, sexual penetration, however slight, must be proved as in any other case of rape. Evidence that defendant had "intercourse" with the prosecuting witness is not evidence that he

had sexual intercourse with her; and it was error to refuse an instruction that the defendant could not be found guilty "upon proof of intercourse with the complaining witness."

ID.—AGE OF PROSECUTRIX—MATERIAL ISSUE—ERROR UPON CROSS-EXAMINATION.—The age of the prosecutrix was a material issue in the case, and where the rape was alleged to have been committed in August, 1901, and the prosecutrix stated that she was sixteen in March, 1902, the defendant was entitled to ask upon cross-examination if she had not stated to various persons named that she was then seventeen years old, and it was prejudicial error to refuse to permit such questions to be answered.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The main facts are stated in the opinion of Commissioner Cooper. Further facts are stated in the concurring opinion of Beatty, Chief Justice.

W. P. Thompson, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

COOPER, C.—The defendant is charged in the information with the crime of rape, alleged to have been committed on the fifteenth day of August, 1901, by having sexual intercourse with Irene Farias, a female under sixteen years of age. He was found guilty and sentenced to imprisonment at San Quentin for thirty years. This was beyond the expectancy of defendant's life for that which was not a crime at common law and only a misdemeanor in many jurisdictions. (*People* v. *Derbert*, 138 Cal. 467.)

1. It is claimed that there is no evidence that defendant ever had sexual intercourse with Irene Farias, and we think the claim is well founded. Under our statute it is rape to have sexual intercourse with a female under the age of sixteen not the wife of the perpetrator. Any sexual penetration, however slight, is sufficient to complete the crime. (Pen. Code, secs. 261, 263.) It is essential, in order to find a defendant guilty of rape, that sexual penetration be proven, or that facts be proven from which it may be inferred. It is said in Underhill on Criminal Evidence (sec. 416): "Proof of

penetration beyond a reasonable doubt is always abso-
lutely essential. Evidence that the woman voluntarily
remained with the defendant in a room all night is not suf-
ficient.''

In speaking of the statutory crime which is in many juris-
dictions termed the carnal abuse of female children, Mr.
Bishop, in his late work on Statutory Crimes (3d ed., sec.
488), says: ''The carnal knowledge required in this offense
is the same as in rape proper, explained in another connection.
There must be *res in re,* but to no particular depth, and the
hymen need not be broken.''

The supreme court of Wisconsin in a case where the de-
fendant was convicted of rape upon a female child twelve
years of age reversed the case, and among other things held
that the evidence was not sufficient. (*Hardtke* v. *State,* 67
Wis. 552.) The court said: ''There was not a particle of
evidence in the case of penetration.'' In *State* v. *Dalton,* 106
Mo. 463, the defendant was charged with rape upon a female
child under the age of twelve years, and was convicted. The
evidence showed that defendant, a married man, during the
absence of his wife and family, in the night-time left his room
and went to the room when the girl slept and got in bed with
her. He then toyed with her, held her in his arms, pulled up
her clothes, and for some time continued his lewd solicita-
tions. The court reversed the case, and said: ''We think it
clear that the evidence entirely fails to sustain the charge
of rape. All the authorities agree that penetration is neces-
sary to constitute the offense. There has been some discus-
sion by the courts and differences of opinion as to the extent
of the penetration necessary to complete the crime, but none
deny its necessity to some extent, or that it must be proved
beyond a reasonable doubt. (2 Bishop on Criminal Law, sec.
1132; 1 Wharton on Criminal Law, sec. 554, and authorities
cited.)'' And the court correctly charged the jury that sexual
penetration is necessary to constitute the crime of rape. It
is therefore clear that to sustain the charge the prosecution
must have proven sexual intercourse, which includes and
means sexual penetration. It is the usual and ordinary prac-
tice, so far as we are informed, to prove the facts fully. Not
legal conclusions or terms, but the acts that were done by
defendant in detail. Such acts, when proven, must show

sexual penetration, although it may be slight. In some cases
the facts and circumstances are such that penetration may
be inferred therefrom. But we know of no case where it has
not been held necessary to prove penetration. Here there
is an entire absence of such proof. The prosecuting witness
did not tell any one about it until months afterwards. She
was then sent for by the district attorney; but how he knew
anything which justified him in sending for her does not
appear. She testified: "I told him it did not occur. Then
after that he told me if I did n't tell him I might get myself
in trouble. He said he might put me in jail. . . . Before I
left his office he told me not to tell my mother what occurred,
asked me to promise him I would not. . . . I did not tell my
mother. . . . I told her in the first place that it was not true."
No reason appears why the matter should have been kept a
secret from the mother. It was not shown that any examina-
tion had been made of the prosecuting witness by a physician,
or any one else, so as to ascertain whether or not she was a
virgin at the time of the trial. Not a fact or circumstance
was proven from which penetration could be legally inferred.
It was not even proven that defendant and the prosecuting
witness ever had "sexual" intercourse. The district attorney
under defendant's objection was permitted to ask leading
questions of the prosecuting witness, but by such questions
did not succeed in proving "sexual" intercourse. He asked
the following question: "Q. Did the defendant have inter-
course with you during the month of August in the tent?"
The witness answered, "Yes, sir."

The witness, in answer to other questions, testified: "That
took place on this side of the stove. There was a cot there.
There is where it took place." This is all the evidence in
the record as to the act claimed to constitute the crime of
rape, except the evidence of the defendant, who testified that
he never at any time had sexual intercourse with the prose-
cuting witness. Intercourse means "a commingling; intimate
connections or dealings between persons or nations, as in com-
mon affairs and civilities, in correspondence or trade; commu-
nication; commerce, especially interchange of thought and
feeling; association; communion." (Webster's Dictionary.)
There was testimony to the effect that the prosecuting wit-
ness was often in the defendant's tent, and that she some-

times sat on his lap and read to him. This may have been the intercourse referred to in answer to the leading question of the district attorney. The fact that the district attorney appears to have asked a prior question as to "sexual intercourse" does not assist the evidence. Such question was not answered. The only question that was answered did not in its terms relate to sexual intercourse. Nor did the testimony of the defendant that he never at any time had sexual intercourse with the prosecutrix aid the evidence of the prosecution. The proof that a thing did not occur certainly does not tend to show that it did occur. In a criminal prosecution nothing is presumed against a defendant, and all presumptions are in favor of innocence. It cannot be said that because the charge was "sexual intercourse" that we must presume it was "sexual intercourse" that the district attorney was asking about. There would be as much logic in saying that when a defendant is charged with stealing a white horse that it would be presumed that the horse spoken of was a white horse in the absence of proof. This court said in *People* v. *Terrill,* 127 Cal. 100: "The presumptions are all in favor of innocence, and if the facts stated may or may not constitute a crime, the presumption is that no crime is charged." In this case if the facts proven constitute a crime, it would have been sufficient to state them in the information. If the information had charged defendant with having "intercourse" with Irene Farias, no lawyer would for a moment say that it charged a crime. The words have no greater meaning in evidence than they would have in an information.

2. As the crime charged is only made such by the statute it was material for the prosecution to prove that Irene Farias was under sixteen years of age at the time. For this purpose the prosecuting witness testified that she was over fifteen and under sixteen years of age. The trial took place in April, 1902, and the witness testified that she was sixteen the preceding March.

In cross-examination the defendant's counsel asked her the following questions:—

"Q. Do you remember telling Mrs. French, Ruth French, Roy French, and James Cloyd you were seventeen years old?"

"Q. Do you recollect telling Mrs. French and Ruth French

a short time before the defendant in this case was arrested·
that you were seventeen years old?''

''Q. Do you recollect being at Mrs. French's house on N
Street in this city on Sunday evening prior to the arrest of
Mr. Howard?—A. Yes, sir.''

''Q. Do you recollect stating at that time to Ruth French
and her mother that you were seventeen years old?—A. Not
then I did n't.''

''Q. Do you recollect ever telling that to them?''

The court sustained the objection of the district attorney
to each of the above questions, except the two where the
answers are stated. The defendant's attorney then asked the
witness:—

''Q. You recollect testifying in the lower court before Judge
Cosgrave, do you not, in this case?—A. Yes, sir.''

''Q. Did you then state as follows: This is the question;
'Did you state to Mrs. French and Ruth French that you were
seventeen years old?' and your answer was 'Yes, sir.' Did
you so testify then?''

''Q. Did you at any time that you now recollect state to
any person during the past year that you were seventeen years
old?''

''Q. Do you recollect stating that you were seventeen years
old to Frank Nelson, the policeman; to A. Tommasini, a po-
liceman of the city of Fresno; to Roy French, Mrs. French,
Ruth French, Mrs. Flora French, Mr. Smith, Miss Wilda
Smith, James Smith, James Cloyd, to Parker Lane and numer-
ous other people during the past year?''

The court sustained objections to each of the above ques-
tions. The defendant saved an exception to the ruling and
to the ruling on each question as herein stated. It is evident
that the court erred in the rulings. If Irene Farias was
seventeen years of age in March, 1902, it should have been ·
shown. It was of the greatest importance to defendant that
he should have been permitted to cross-examine the prosecu-
trix, who had testified to her own age. If she had told various
other parties that she was seventeen, the defendant had the
right to bring out such facts, and she could make such expla-
nation as she desired, provided she had any explanations to
make. If, prior to the arrest of the defendant, and before
any legal question was involved as to her age, Irene Farias

told various parties that she was seventeen, and then on the stand swore that she was only sixteen, defendant was entitled to fully and thoroughly cross-examine her as to such facts. Particularly is this so when the witness admitted that she testified before the justice of the peace that she was born in 1885, and that she told a great many people that she was seventeen. This did not cure the error. The defendant was entitled to know the circumstances under which she made such statements, to whom she made them, and why she made them. He was entitled to bring out such statements so that the jury could know the facts and decide where the truth lay. The light of investigation should have been permitted to fall upon the witness, her statements, and her conduct. If she was testifying to the truth, such investigation would not have injured the cause of the prosecution. If she was testifying to a falsehood, the defendant should have been allowed in every reasonable way to show it. It was said by this court in *People* v. *Westlake,* 124 Cal. 452: "The power of cross-examination is one of the most efficacious tests which is known to the law for the discovery of truth. To deprive the defendant of this right in a proper case, and in regard to material matter, and when the cross-examination is confined within the general scope of the direct examination, is error for which a judgment of conviction should be reversed. It is always proper to cross-examine a witness fully as to all facts and circumstances connected with the matter stated in his direct examination."

· 3. The defendant asked and the court refused to give the following instruction: "You are instructed that you cannot find the defendant guilty in this case upon proof alone that defendant had intercourse with the complaining witness." This instruction should have been given.

If there was no evidence of "sexual" intercourse, or that the prosecuting witness was under sixteen years at the time charged, the jury should not have found defendant guilty.

Other errors are urged by appellant, but as the case must be reversed for the reasons herein given, it is not necessary to discuss them.

We advise that the judgment and order be reversed.

Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Angellotti, J., Van Dyke, J., Lorigan, J.

BEATTY, C. J., concurring.—I concur in the judgment. The sexual intercourse, if any, between the prosecutrix and defendant was with her full consent, and it was therefore essential to show that she was under sixteen at the date of such intercourse. The evidence on this point was exceedingly weak. The prosecutrix testified, in effect, that she was between fifteen and sixteen at the date of the alleged offense, but it was clearly proved, and practically admitted by her, that she had made statements to a number of persons on different occasions which if true proved that she was over sixteen, and she offered no explanation of this discrepancy. Her mother testified on direct examination that the prosecutrix was between fifteen and sixteen, but on cross-examination could not give the year of her birth. The trial was in Fresno, where the girl was born, and where it is reasonable to suppose witnesses could have been found to fix the date of her birth, but no evidence was offered to corroborate that which I have stated.

Weak as the testimony was, however, upon this and other points, the judgment and order of the superior court could not perhaps be reversed here upon that ground alone, but certainly the case is one in which the refusal of proper instructions cannot be excused upon the ground that such rulings were not prejudicial.

Among other instructions requested by defendant, and refused by the court, were the following:—

"If the jury believe from the evidence that at the time the offense is alleged to have been committed the prosecuting witness made no outcry and did n't immediately complain to others, but concealed it for several months and then only told it by reason of threats and promises, then the jury should take' this circumstance into consideration with all the other evidence in determining the credibility of such witness and whether a rape was in fact committed or not."

"You are further instructed that the defendant is presumed to be innocent until the guilt is established by such evidence as will exclude every reasonable doubt. Therefore

the law requires that no man shall be convicted of a crime until each and every man of the jury is satisfied by the evidence in the case, to the exclusion of every reasonable doubt, that the defendant is guilty as charged. So in this case if one of the jury after having duly considered all the evidence and after having consulted with his fellow-jurymen should entertain a reasonable doubt as to the truth of the charge, the jury in such case cannot find the defendant guilty.''

The first of these instructions contains a proposition that might very properly have been given to the jury if it had been clearly stated by itself. There was evidence to the effect that the prosecutrix was induced by threats of imprisonment to make the accusation, and if the jury believed this evidence they should have taken it into consideration in determining her credibility. But the court was perhaps justified in refusing to give the instruction as framed because it included another proposition which has no application to the statutory offense—concealment by a consenting female being a circumstance wholly lacking in the significance of the same fact in the common-law offense of rape. But the second of these instructions is correct in point of law, and was pertinent to the evidence in the case. It is in substance identical with the instruction commented on in *People* v. *Dole*, 122 Cal. 495,[1] where it was said: ''This is a correct statement of the duty of a juror, and should have been given. If any juror needed an instruction upon this point it was harmful to refuse it; if no juror needed the instruction it would have been harmless to give it.''

I concur in the judgment of reversal.

SHAW, J.—I concur in the opinion of Chief Justice Beatty, and dissent from that of Commissioner Cooper.

[1] 68 Am. St. Rep. 50.