[Crim. No. 928. Second Appellate District, Division Two.—February 27, 1923.]

## THE PEOPLE, Respondent, v. FRANK DOMINGUEZ, Appellant.

[1] CRIMINAL LAW—EVIDENCE—CONFESSION OF CODEFENDANT—ABSENCE OF PREJUDICE.—Error in admitting in evidence the confession of a codefendant is without prejudice where it is later stricken out and the jury admonished to disregard it.

[2] ID.—MISCONDUCT OF COUNSEL—APPEAL.—An appellate court will not consider a claim of misconduct on the part of a prosecutor unless defendant's counsel at the time make a formal assignment of misconduct and request an admonitory instruction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. C. P. Vicini, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles R. McCarty and Robert Black for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—Appellant was convicted of the crime of robbery. He appeals from the judgment and from an order denying his motion for a new trial, urging, as grounds for the appeal, that the court's error in admitting in evidence the confession of a codefendant prejudiced his cause, and that he likewise was prejudiced by misconduct on the part of the deputy district attorney.

[1] The confession was first admitted and then stricken out. When granting the motion to strike the court admonished the jury to disregard the confession and to attach no weight to it. We must assume that the jury obeyed the admonition, and that therefore appellant's cause was not prejudiced by the erroneous admission of the confession.

[2] On rebuttal the deputy district attorney improperly propounded to a witness for the people certain questions which might well have met with a stern rebuke. But appellant's counsel made no assignment of misconduct. It is well settled that an appellate court will not consider a claim of misconduct on the part of a prosecutor unless defendant's counsel at the time make a formal assignment of misconduct and request an admonitory instruction. (*People* v. *Babcock,* 160 Cal. 537, 545 [117 Pac. 549]; *People* v. *Ong Mon Foo,* 182 Cal. 697, 705 [189 Pac. 690]; *People* v. *Steelik,* 187 Cal. 361, 377 [203 Pac. 78].)

Any prejudice which may have been caused by misconduct on the part of the prosecuting attorney during his argument to the jury was removed by the court's prompt admonition to disregard the improper remarks.

The judgment and the order denying a new trial are affirmed.·

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1923.