[Crim. No. 583.   Fourth Dist.   July 7, 1947.]

THE PEOPLE, Respondent, v. TOM GREENE, Appellant.

J. Emmet Chapman and Frederick C. Dewar for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was charged in Fresno County in an information with the violation of section 503 of the Vehicle Code in that he did unlawfully take a Cadillac automobile, without the consent of the owner, with intent to deprive such owner of its possession. He was also accused of having been previously convicted in that county on July 21, 1943, of the crime of burglary and two counts of grand theft, and having served a term therefor in the state prison. Upon arraignment in that court defendant appeared with counsel, entered a plea of not guilty to the charge, and denied the previous convictions. No other or further proceedings were had until a trial by jury which followed. The clerk read the information setting forth the several accusations and defendant's plea thereto.

Mr. Rogers, owner of the car, testified that he drove to the Fresno Hotel on the evening of August 17, 1946, and ordered his car taken to the Fresno garage. A claim check was returned to him. The next morning he went to the garage to obtain his car and it was gone. He gave no one permission to take it. That night defendant, who was a night attendant at the garage, said he "borrowed" the Cadillac, without the owner's permission, to take a ride with two friends. They proceeded as far as Gilroy, and on their return at about 3 a. m., they met with an accident and the car burned up. A highway patrol officer found the burned car. The two occupants thereof were located in the hospital at Gilroy. He apprehended the defendant taking a bus to Fresno.

The officer testified as to certain conversations with defendant at the hospital, in the presence of the two guests and hospital attendants. He testified that the defendant said that he was driving the Cadillac at about 70 miles per hour and could not negotiate a turn so he ran into a culvert and the car caught fire; that he "borrowed" the car from someone; that he could not think of his name. He later gave the name as Rogers but could not think of his first name.

Detective Sergeant Scott of Fresno called in a shorthand reporter, a deputy district attorney, and a statement was given by defendant in their presence. The officer testified that no promise of immunity was given if defendant would make a statement. Counsel for defendant cross-examined the officer on this subject and complained bitterly because there was no warning given on that occasion by the deputy district attorney to the defendant of the defendant's constitutional right to remain silent.

The shorthand reporter, testifying at the trial, was called upon to produce and read the statement given by defendant. Objection was made because there was no showing that prior to the taking of the statement defendant was not advised of his constitutional rights. The objection was overruled and the witness gave the conversation by questions and answers as reflected from his shorthand notes. Defendant related in detail the taking of the car from the garage by him about 1 o'clock a. m. of the day in question and stated that he "just went for a ride"; that he did not know whom the car belonged to and that he did not have permission of anyone to take it. We see no merit to the complaint that the court erred in admitting the statement in evidence. We are apprised of no provision of law that requires a police officer or district attorney to advise a defendant of his constitutional right to remain silent if he does not desire to speak, when the defendant is being questioned by them under such circumstances as here related. No claim is made that the claimed admissions or confessions do not otherwise comply with the requirements necessary to the reception of such declarations in evidence.

Defendant thereafter, on August 20th, was taken before the committing magistrate and arraigned. According to the minutes of that court, which were received in evidence at the trial, the defendant was "duly informed of the nature of the charge against him and of all his legal rights." The preliminary hearing was set for August 21st. On that

day, defendant came into the magistrate's court, without counsel, and the judge thereof stated to the defendant: "I understand you want to waive your preliminary hearing." Answer by defendant: "That is correct." The Court: "In order to do so you must be informed that when you take the stand and testify, anything that you say here in this court may be held against you in this court, or in any other court hereafter. You do not have to testify unless you want to, but you may do so if you want. With that understanding, do you want to testify?" Defendant: "Yes, sir." The defendant then testified in more detail about the facts before related. He was held to answer. This evidence was offered against the defendant in the superior court and counsel for him objected and moved to strike that evidence on the ground that "defendant was compelled to be a witness against himself . . . that he was not represented by counsel . . . and that his constitutional rights had been violated." The motion was denied and on this appeal defendant claims error of the trial court in its ruling.

The record not only indicates that defendant was informed of his rights according to section 858 of the Penal Code, at the arraignment, but he was later warned that any statement he might give at the preliminary hearing might be used against him. (Pen. Code, § 1323.) Although the question propounded by the committing magistrate might indicate that the magistrate was of the belief that the defendant was *waiving* a preliminary examination, the facts indicate from the testimony taken that a *preliminary examination* was being held, and the evidence produced did show probable cause justifying the committing magistrate in holding the defendant to answer to the superior court.

In *People* v. *Brooks*, 72 Cal.App.2d 657, 660 [165 P.2d 51], in construing Penal Code, section 859a and Penal Code, section 860, this court stated that it is not necessary that a defendant be represented by counsel before the committing magistrate, unless he enters a plea of guilty, or unless he waives the preliminary examination. ██ Since the proceeding had was a preliminary examination, the presence of counsel representing the defendant was not mandatory. The record nowhere shows that defendant desired the services of counsel or sought a continuance for that purpose. After defendant secured counsel, which was before his arraignment in the superior court, no motion was made questioning the validity of the proceedings in the committing magistrate's

court. In fact, it was not questioned until the proffered evidence relating to his testimony at the preliminary hearing was presented during the trial of the action.

Section 995 of the Penal Code provides that the information must be set aside, *upon defendant's motion,* when it appears that before the filing thereof defendant had not been legally committed by a magistrate. Section 996 of the Penal Code provides that if the *motion* to set it aside is not made, the defendant is precluded from afterwards taking the objections mentioned. Since counsel for defendant failed to make such a *motion,* and failed to address himself to the discretion of the court in this respect, he is now foreclosed from raising the objection suggested. (See, also, *People* v. *Harris,* 219 Cal. 727 [28 P.2d 906], and cases there cited.) We perceive no error of the trial court in its ruling on the admissibility of the testimony of defendant taken at the preliminary examination.

Defendant took the witness stand and did not deny taking the Cadillac car nor any of the conversation had before the enforcement officers, nor the testimony given by him at the preliminary examination. All that he testified to was that at the time of the preliminary hearing *on the prior convictions charged,* he *had no money to employ counsel;* that he was not informed *that he was entitled to counsel at all stages of the proceedings,* and at the time of the preliminary hearing in the instant case he *did not have funds to secure counsel.*

On cross-examination he was asked if he had ever been convicted of a felony. He answered: ". . . according to the records" he had been convicted of the felonies charged in the information and served time in San Quentin, and that he had been convicted of another felony (burglary) on January 15, 1943.

Defendant did not, on the witness stand, contradict any of the evidence offered by the People. Under the facts, it is difficult to see how he could justly claim that he was prejudiced by the admission into evidence of the claimed confessions or admissions of guilt.

Defendant next asserts that the court erred in refusing to compel the production of the entire record of the cases, including the transcript of hearings on the preliminary examination relating to the prior convictions alleged. The objection was interposed at the time the People sought to read the certificate of the warden of Folsom Prison prepared and submitted pursuant to section 969b of the Penal Code. A

specification in the objection made by defendant concerns certain claimed improper conduct pertaining to the failure of the court in appointing counsel for defendant at the preliminary examinations in those cases. There is obviously no merit to this claim for many reasons, including the reasons stated in the preceding discussion. Matters respecting the improper or unlawful commitment by a magistrate should be raised on motion to set aside the information and prior to the entry of the plea. Irregularities occurring in preliminary hearings prior to trial are merged in the trial, and the judgment of conviction is bottomed on the evidence adduced at the trial and not on irregularities preceding it. Certainly the judgments that became final in those cases cannot be inquired into collaterally in this case. (*In re Northcott,* 71 Cal.App. 281 [235 P. 458]; *People* v. *Harris, supra.*)

█ Lastly, defendant makes two points in his brief to the effect that the district attorney committed error in his remarks to the jury wherein he indirectly referred to the defendant as a ''jail bird'' and in another remark indicating that the defendant would have pleaded guilty to the charge if his counsel had not suggested otherwise. This latter statement went unchallenged and no motion to strike it was interposed by counsel for defendant. Counsel cannot now be heard to complain. (*People* v. *Entriken,* 106 Cal.App. 29, 33 [288 P. 788].)

█ When the first remark was made the trial court's attention was called to it in these words: By Mr. Dewar: ''I don't agree with this conduct of the district attorney referring to jail birds. . . .'' The Court: ''I didn't hear it. Will you read it?'' (Record read.) The Court: ''Now, was there an objection?'' Mr. Dewar: ''Yes, . . . I think the district attorney misconceives his duty to the ordinary citizen by that statement.'' Mr. Savory: ''Well, that is your opinion, counsel.'' The Court: ''You may proceed with the argument.'' The remark might well have been left unsaid. Since it is apparent that there was no motion to strike it, nor any request to have the jury admonished to disregard it, no prejudicial error resulted. (*People* v. *Dominguez,* 61 Cal.App. 182, 183 [214 P. 448]; *People* v. *Ong Mon Foo,* 182 Cal. 697, 705 [189 P. 690].)

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 6, 1947.