[Crim. No. 4239.   Second Dist., Div. One.   Jan. 18, 1949.]

THE PEOPLE, Respondent, v. HENRY J. MILO, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District Attorney of Los Angeles County, defendant was accused of the crime of violation of section 288a of the Penal Code in that he participated in the act of copulating with his mouth the penis of a 15-year-old boy.  The information also charged the defendant with a prior conviction of a felony in the State of Oregon, for which it was alleged he served a term of imprisonment in the state prison.

The defendant pleaded not guilty, denied the prior conviction, waived a jury, and trial was had before the court, resulting in his being found guilty of the offense charged and that the prior conviction charged against him was true.  From the judgment of conviction defendant prosecutes this appeal.

At the trial the boy testified that he met the defendant "out on the street right in front of the bus station" as he was about to board a bus in the city of Los Angeles to return to his home in Kingsburg, California.  That the defendant took hold of his arm, saying, "You had better come with me"; that they walked along together for a few minutes when they came to a bridge, at which point the defendant "threw me down"

upon the ground. That thereupon defendant started to "bother me," placing his hands upon the body and penis of the boy.

As to what then transpired, the witness testified as follows:

"Q. Did he put your penis in his mouth? A. Yes.

"Q. Inside, is that right? A. Almost.

"Q. What do you mean '.almost'? A. He started to.

"Q. Well, did any part of your penis get past his lips, inside of his mouth? A. No.

"Q. Did his lips get around the top of your penis? A. Yes, at one time."

That at this time a policeman arrived on the scene.

Police Officer J. F. Turner testified that about 8:30 or 8:45 o'clock on the evening in question, with the aid of his automobile lights he saw the defendant and the boy at a viaduct located near the Pacific Electric bus terminal in the city of Los Angeles. That when he came upon them the boy was "lying on his back on the bridge timbers, that is the base of the viaduct, near the ground. His pants were down around his knees and the defendant was sitting crossways on the bridge timbers with his head down between the Sewell boy's legs and as the lights of our car hit him I observed that the defendant had Sewell's penis in his mouth and as soon as the lights hit him why they both jumped up and started pulling their pants up. The defendant's pants were also down."

That when he confronted the defendant and inquired "what was going on?" the latter replied, "Nothing. I was just giving the kid a blow job." The officer also testified that while in the police car he had a further conversation with the defendant wherein he inquired as to "where he was from," to which the defendant answered that "he was a transient." The witness then asked the defendant how long he had been a "queer," to which the latter responded, "All my life, I guess, or for a good many years."

This witness also testified that he interrogated the defendant as to where he had met the boy, in reply to which the defendant said that "he met him on the bus coming into town." When asked whether he had "forced the kid to go down there with him?" the defendant replied, "No, he didn't force him but he had taken ahold of his arm."

The prosecution then offered in evidence a certified copy of the prison record of defendant, and it was stipulated he was the same person therein mentioned.

Testifying in his own behalf, the defendant admitted meeting the boy on the evening in question. That following such

meeting he went in search of a place to sleep, that the boy followed him. That he did not take hold of the boy by the arm or in any way force him to go. He denied committing any of the acts testified to by the boy and the officer or that he had any of the conversations with the officer as narrated by the latter. The defendant testified he had been drinking. He denied that his trousers were down and stated that "as far as I know" neither was the boy's. Defendant admitted conviction of the crime of robbery in the State of Oregon and that he "served time in the state penitentiary" therefor.

The sole ground urged by appellant for reversal of the judgment is that the evidence is insufficient to support the same.

Before an appellate tribunal is authorized to reverse a judgment on the ground of insufficiency of the evidence, it must be found that upon no hypothesis is there sufficient evidence to support the conclusion reached by the trier of facts. And, in giving consideration to the question of sufficiency of the evidence, all intendments are in favor of upholding the judgment, and the evidence must be reviewed in the light most favorable to the prosecution (*People* v. *Dukes*, 90 Cal.App. 657, 659 [266 P. 558]). The record in the present case, when viewed in the light of the rules just enunciated, discloses an abundance of evidence to sustain the trial court's finding upon the question of appellant's guilt. The foregoing testimony of Officer Turner, an eyewitness to the crime, is in itself sufficient to establish the commission by appellant of acts denounced by section 288a of the Penal Code. There is nothing in the testimony of the officer from which a reviewing court could justly conclude, as urged by appellant, that the same is *per se,* unbelievable and that it was therefore, the duty of the trial judge not only to disregard it but to accept appellant's denial of any wrongdoing on the latter's part. Furthermore, no effort was made by appellant at the trial, by cross-examination or otherwise, to refute the testimony of Officer Turner as to the position of the parties at the time he testified he observed them.

The victim of appellant's alleged lust also testified to facts sufficient to warrant the conclusion that appellant participated in the "act of copulating the mouth of one person with the sexual organ of another" (Pen. Code, § 288a).

Assuming, as contended by appellant, but not deciding, that the boy was an accomplice within the meaning of section 1111 of the Penal Code, his testimony was amply corroborated by

the testimony of Officer Turner, as well as by the statements made by appellant at the time of his arrest (*People* v. *Olds*, 86 Cal.App. 130, 131 [260 P. 321] ; *People* v. *Conklin*, 122 Cal. App. 83, 85 [10 P.2d 98]).

Appellant's reliance on the case of *People* v. *Angier*, 44 Cal.App.2d 417 [112 P.2d 659], is unavailing. Without analyzing all that was said in the cited case we have concluded that the facts are so dissimilar as to be of no assistance to appellant. And further, the Angier case was decided on the ground that the evidence was insufficient to establish that the appellant therein touched the victim's sex organ, while the record in the instant case reveals evidence of a copulation as required by the statute.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.