[Crim. No. 2272.   Third Dist.   Sept. 26, 1951.]

THE PEOPLE, Respondent, v. VIRGINIA LOUISE GALLOW, Appellant.

John L. Brannely and Joseph C. Lavelle for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Virginia Louise Gallow was convicted by a jury of manslaughter of one Dorothy Gibson. A motion for a new trial was denied. Defendant has appealed, her sole contention being that the evidence is insufficient to support the verdict as it shows that the defendant acted only in self-defense.

The evidence shows that defendant and her two children lived about a block away from the place where decedent lived with her mother; that defendant missed her purse and was told by her young son Calvin that he had taken it but had given it to Virdell, the small brother of decedent. Knowing that the two boys had played together that afternoon at her mother's home which was next door to the home of decedent, defendant went to her mother's home to search for the purse. Not finding it there she returned to her own home, after a demonstration of temper in front of decedent's home, put an ice pick in her pocket, and, with Calvin, returned to decedent's home. There she engaged in an argument with Dorothy Gibson in which each berated the other. Mrs. Newsome, mother of decedent, told defendant to leave, but this defendant refused to do, and her argument with decedent continued. The latter finally slapped defendant, whereupon, according to witnesses, the two women "came together," wrestled on the sidewalk and in the yard, finally falling over a hedge, with decedent on top of defendant. As decedent did not arise, her mother, who was called from the house by the children, pulled her off of defendant, whereupon the latter got up and retreated to her own home. Decedent was taken into her mother's house and on arrival of a police officer appeared to be dead. An autopsy revealed that she had been stabbed seven times, five of the wounds being somewhat superficial, but one, which caused the death, had penetrated the heart. The autopsy surgeon said that the wounds were apparently caused by a rounded object and that they suggested such an instrument as an ice pick; that the penetration which caused the death was at least 4 inches deep, and that great force was used to drive the weapon, as it penetrated a rib before entering the heart; and that the wound probably resulted in cardiac failure within a few seconds, and death a minute or two later.

Defendant at the trial contended that she acted in self-defense—that decedent was choking her—but there was evidence to the contrary. One witness testified that during the struggle between the two women Dorothy exclaimed, "No, you don't," or words to that effect, at which time defendant was seen to have some object which she changed from one hand to the other, indicating that she was attempting to use some means of injuring decedent. There was also evidence that after the two had fallen to the ground defendant said, "Get up off of me." The length of the struggle indicates that

defendant made no effort to retreat, and the testimony of police officers who examined her stated that they observed no indication that she had been choked, and that she made no complaint about choking. She admitted at the trial that she had struck decedent with the ice pick, although when taken into custody she denied any knowledge of an ice pick.

We are satisfied that there is ample evidence in the record to support the verdict, and that it cannot be said as a matter of law that the homicide was committed by defendant in self-defense. ■ Whether she acted in self-defense or not was for the jury to determine from the evidence before it. Section 197 of the Penal Code provides that where a defendant was the assailant, or where the defendant and the victim of a homicide had been engaged in mutual combat, the defendant must show that he really and in good faith endeavored to decline any further struggle before the homicide was committed.

■ On appeal by a defendant the evidence must be considered in the aspect most favorable to the prosecution, and if there is evidence to support the judgment it must be affirmed. (*People* v. *Torrillo,* 60 Cal.App.2d 755, 757 [141 P.2d 472]; *People* v. *Milo,* 89 Cal.App.2d 705, 707 [201 P.2d 556].)

This court, in *People* v. *McDonnel,* 94 Cal.App.2d 885, 888 [211 P.2d 910], said: "The question of whether the defendant, as a reasonable man, was justified in believing, under the circumstances of this case, that he was then threatened with imminent danger so as to justify the use of a deadly weapon in necessary self-defense is a problem for the sole determination of the jury. (*People* v. *Zuckerman,* 56 Cal.App. 2d 366, 374 [132 P.2d 545].) The implied finding of the jury upon that issue was adverse to the contention of the defendant. With that conclusion we may not interfere. . . ." Also see *People* v. *Rilarcosa,* 19 Cal.App.2d 537, 539 [65 P.2d 1325], which quoted from *People* v. *Miller,* 114 Cal.App. 293, 299 [299 P. 742]; and *People* v. *Mesa,* 121 Cal.App. 345, 349 [8 P.2d 920].

The judgment and order denying a new trial are and each of them is hereby affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.