[Crim. No. 777.   Fourth Dist.   Nov. 12, 1952.]

THE PEOPLE, Respondent, v. CURTIS E. CHAMBERLAIN, Appellant.

Edgar G. Langford for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant Chamberlain and his codefendant Elkington were convicted by a jury of the crime of violating section 288a of the Penal Code. Chamberlain was granted conditional probation. He appeals from an order denying his motion for new trial and argues (1) that the evidence is insufficient to support the verdict; and (2) that the court erred in refusing to give a requested instruction.

The evidence shows that Elkington had been drinking to some extent and had retired to a motion picture show house. While he was sitting there defendant seated himself next to Elkington and began fondling his legs and private parts. Defendant suggested a ride in defendant's car. They proceeded to a secluded spot in the city and parked the car. Police officers approached in their automobile. Their lights shone upon the parked car. They recognized only one man sitting erect on the right side of the seat. After passing defendant's car they turned about and came up to it from the right side. They got out of their car, approached the right front window, and by means of a flashlight they saw defendant Chamberlain's "head come up from the vicinity of Elkington's lap." Without relating further gruesome details, the circumstantial evidence produced by the prosecution was clearly sufficient to show a violation of section 288a of the Penal Code, as charged. The officers requested defendants to roll down the glass window and to step out of the car. Elkington stepped out on the right side and Chamberlain on the left. Later, according to the police officers, Elkington admitted the act denounced by section 288a, but Chamberlain denied it. At the police station Elkington signed a statement to this effect. Defendant Chamberlain signed one in which he admitted he met Elkington at the picture show and stated he had asked him to go for a ride; that they drove to the park, stopped, "played around for a while, and the sailor didn't want to do anything, so I didn't." At the trial defendant Chamberlain accused Elkington of being the aggressor, and testified that he went to the park for the same purpose Elkington went there; that neither wanted to be the active agent and so they were just about to leave when the officers came up.

The main contention is that there was not sufficient evidence to establish the corpus delicti. Defendant relies principally upon *People* v. *Jordan,* 24 Cal.App.2d 39 [74 P.2d 519] ; and *People* v. *Hickok,* 96 Cal.App.2d 621 [216 P.2d 140]. The circumstances and factual situation presented in the Jordan case fall far short of the showing here made regarding actual copulation. The Hickok case establishes the law that complete penetration of the mouth is not necessary, but any penetration, however slight, is sufficient to constitute a violation of the code section. The evidence here related, both direct and circumstantial, is sufficient to establish the corpus delicti and support the jury's finding that the offense charged had been committed. *(People* v. *Milo,* 89 Cal.App.2d 705 [201 P.2d 556].)

A closer question arises as to the second point. The court refused, as covered, an instruction which in effect would have told the jury that before the defendant could be convicted the evidence must show that the sexual organ actually penetrated his mouth. This instruction was a more specific instruction than the general instruction given on the subject. The information charges defendant with sex perversion as denounced by the statute. The court instructed the jury that the burden was upon the People to prove every element of the offense as charged. It read section 288a of the Penal Code in the language of the statute and it further instructed the jury that the offense thus defined ''consists of, and its commission requires, the uniting or the joining of the mouth of one person with the sexual organ of another.''

While the instruction might well have been given *(People* v. *Hickok, supra; People* v. *Milo, supra)* in view of the other instructions given on the subject, and in view of the evidence produced, no prejudicial error resulted.

Order denying new trial affirmed.

Barnard, P. J., concurred.