No. 49,617

STATE OF KANSAS, *Appellee,* v. LOVE T. WILLIAMS, *Appellant.*

(580 P.2d 1341)

Opinion filed July 15, 1978.

*Oneil Davis,* of Wichita, argued the cause and was on the brief for the appellant.

*Robert Sandilos,* assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is a direct appeal from convictions of aggravated kidnapping (K.S.A. 21-3421), aggravated sodomy (K.S.A. 21-3506), and rape (K.S.A. 21-3502).

Issue No. 1

DID THE TRIAL COURT ERR IN SUSTAINING THE PROSECUTOR'S MOTION *IN LIMINE;* IS K.S.A. 60-447a UNCONSTITUTIONAL FOR LACK OF RECIPROCAL DUTY BY PROSECUTOR TO GIVE SEVEN DAYS' NOTICE?

On the day of trial the state filed a motion *in limine* requesting that the trial court limit inquiry into past sexual conduct of Brenda King, the complaining witness, pursuant to K.S.A. 60-447a. No motion had been filed by the defendant pursuant to K.S.A. 60-447a to admit such evidence. K.S.A. 60-447a provides:

"(1) Except as otherwise provided in subsection (2), in any prosecution for the crime of rape, as defined by K.S.A. 21-3502, or for aggravated assault with intent to commit rape, as provided in K.S.A. 21-3410, or for an attempt to commit rape, as

provided in K.S.A. 21-3301, or for conspiracy to commit rape, as provided in K.S.A. 21-3302, evidence of the complaining witness' previous sexual conduct with any person including the defendant shall not be admissible, nor shall any reference be made thereto in the presence of the jury, except under the following conditions: A written motion by the defendant shall be made at least seven days before the commencement of the trial to the court to admit evidence or testimony concerning the previous sexual conduct of the complaining witness. The seven-day notice required herein may be waived by the court. The motion shall state the nature of such evidence or testimony and the relevancy thereof, and shall be accompanied by an affidavit in which an offer of proof of such previous sexual conduct of the complaining witness is stated. The court shall conduct a hearing on the motion in camera. At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the previous sexual conduct of the complaining witness is relevant and is not otherwise inadmissible as evidence, the court may make an order stating what evidence may be introduced by the defendant and the nature of the questions to be permitted. The defendant may then offer evidence and question witnesses in accordance with the order of the court.

"(2) In any prosecution for a crime designated in subsection (1), the prosecuting attorney may introduce evidence concerning any previous sexual conduct of the complaining witness, and the complaining witness may testify as to any such previous sexual conduct. If such evidence or testimony is introduced, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence or testimony introduced by the prosecutor or given by the complaining witness.

"(3) As used in this section, 'complaining witness' means the alleged victim of any crime designated in subsection (1), the prosecution of which is subject to this section."

The defendant objected to the state's motion as he desired to establish Ms. King was estranged from her husband and living with another man (not the defendant). The defendant further challenged the constitutionality of K.S.A. 60-447a. The state's motion was sustained. Evidence of the fact Ms. King was separated from her husband was introduced through the testimony of the husband who was called by the state as a rebuttal witness. Although arguing that "his hands were tied" by the ruling, defense counsel does not show any new areas that he was precluded from exploring. The trial court specifically authorized the defendant to inquire into any areas opened up by the state. There is no showing of any abuse of discretion by the trial court.

The defendant challenges the constitutionality of K.S.A. 60-447a. In so doing he likens the statute to the "alibi" statute (K.S.A. 22-3218) which was held to be unconstitutional in *Talley v. State,* 222 Kan. 289, 564 P.2d 504 (1977). In *Talley* we held that due process forbade enforcement of a statute requiring defendant

to give pretrial notice to the prosecutor of his intent to introduce alibi evidence and identify alibi witnesses unless there were reciprocal discovery rights. K.S.A. 60-447a is aimed at eliminating a common defense strategy of trying the complaining witness rather than the defendant. The result of this strategy was harassment and further humiliation of the victim as well as discouraging victims of rape from reporting the crimes to law enforcement authorities. Adequate safeguards exist in K.S.A. 60-447a for the admission of testimony of prior sexual conduct of the witness when the same is appropriate in a particular case. K.S.A. 60-447a is not violative of the due process clause of the Fourteenth Amendment to the United States Constitution.

Issue No. 2

WAS THERE SUFFICIENT EVIDENCE FOR THE CONVICTION OF AGGRAVATED KIDNAPPING?

Brenda King testified as follows: She was walking alone on a street at night when the defendant stopped his automobile and asked her if she wanted a ride. She declined the offer and the offer was repeated. The defendant drove away. Subsequently the defendant jumped out from behind a tree and grabbed Ms. King. They struggled, the defendant took an object from his pocket and pressed it into her back. The defendant forced her to his car, placed her in the passenger's seat and crawled over her to the driver's seat. He speeded up and slowed down as necessary to avoid stopping at red lights. The defendant drove into a parking lot and stopped. Ms. King jumped out of the automobile at that point and ran screaming for help. She was pursued by the defendant. They struggled and a gun which fell from defendant's coat was retrieved by the defendant. The defendant placed his hand over her mouth and walked her to his apartment. Ms. King did not try further escape as she was restrained by and frightened of the armed defendant. The defendant then disrobed her and committed the acts of sodomy and rape.

The defense to the case was that no such incident occurred. Defendant contended he was a dealer in illicit drugs and that the charges herein were the result of a "frame" by a rival drug dealer. He testified that Ms. King was a drug pusher who had worked with him. Ms. King denied any prior contact with the defendant.

The defendant further contends there was insufficient evidence to convict him of aggravated kidnapping because the taking of the

victim was not to facilitate the crime of rape. The test to be applied is set forth in *State v. Buggs,* 219 Kan. 203, 216, 547 P.2d 720 (1976), as follows:

"We therefore hold that if a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:

"(a) Must not be slight, inconsequential and merely incidental to the other crime;

"(b) Must not be of the kind inherent in the nature of the other crime; and

"(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.

"For example: A standstill robbery on the street is not a kidnapping; the forced removal of the victim to a dark alley for robbery is. The removal of a rape victim from room to room within a dwelling solely for the convenience and comfort of the rapist is not a kidnapping; the removal from a public place to a place of seclusion is. The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping; locking him in a cooler to facilitate escape is. The list is not meant to be exhaustive, and may be subject to some qualification when actual cases arise; it nevertheless is illustrative of our holding."

The evidence herein is sufficient under *Buggs,* supra, to establish that the taking was to facilitate the crimes of aggravated sodomy and rape. The point is without merit.

Issue No. 3

WAS THERE SUFFICIENT EVIDENCE FOR THE CONVICTION OF AGGRAVATED SODOMY?

The statutes defining sodomy and aggravated sodomy are as follows:

K.S.A. 21-3505:

"Sodomy is oral or anal copulation between persons who are not husband and wife or consenting adult members of the opposite sex, or between a person and an animal, or coitus with an animal. Any penetration, however slight, is sufficient to complete the crime of sodomy."

K.S.A. 21-3506:

"Aggravated sodomy is sodomy committed:

"(a) With force or threat of force, or where bodily harm is inflicted on the victim during the commission of the crime; . . ."

The victim testified that the defendant spread his legs across her and ordered her to engage in fellatio. Upon her refusal, he grabbed her mouth and inserted his male organ between her lips. Further entry was stopped by the victim's clenched teeth. The defendant contends that this was insufficient penetration to con-

stitute the crime of sodomy. This precise question has not previously been before this court.

In *People v. Hickok,* 96 Cal. App. 2d 621, 216 P.2d 140 (1950), a similar question arising out of a similar factual situation was raised. In *Hickok,* the California Court of Appeals said:

"The second contention of appellant is that the evidence fails to show a violation of section 288a of the Penal Code. That section provides: 'Any person participating in the act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding fifteen years.' The theory seriously urged by appellant is that, since the evidence admittedly shows that the prosecutrix had her teeth tightly clenched, a violation of the section did not occur. To state the contention is to refute it. The lips constitute the entrance to, and are part of, the mouth. Admittedly, the evidence shows a penetration beyond the lips of the prosecutrix. Cases such as *People v. Angier,* 44 Cal. App. 2d 417, 112 P.2d 659, and *People v. Coleman,* 53 Cal. App. 2d 18, 127 P.2d 309, are not here applicable. In those cases there was no penetration—here there was an insertion into the mouth beyond the lips. The degree of penetration is a false factor. Any penetration of the mouth, no matter how slight, constitutes a violation of the section. (*People v. Milo,* 89 Cal. App. 2d 705, 201 P.2d 556.)" (96 Cal. App. 2d at 628; 216 P.2d at 145.)

The logic of this result is compelling. Note, too, that the Kansas sodomy statute (K.S.A. 21-3505) specifically states "any penetration, however slight, is sufficient to complete the crime of sodomy." No comparable provision exists in the California statute pertaining to oral copulation (Cal. Penal Code § 288a). We hold that penetration of the defendant's male organ beyond the lips of the complaining witness constitutes sodomy although further penetration was prevented by her clenched teeth.

Issue No. 4

IS K.S.A. 1977 SUPP. 21-4618 ON PROBATION AND SENTENCING FOR CERTAIN CRIMES INVOLVING FIREARMS UNCONSTITUTIONAL?

The defendant contends K.S.A. 1977 Supp. 21-4618 is unconstitutional as it invades the province of the trial judge and discriminates against individuals who use firearms in the commission of crimes. These points have been determined adversely to defendant in *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1977), wherein we held:

"A state statute may single out a class of persons for distinctive treatment only if the classification bears a rational relation to the purpose of the legislation and if persons similarly situated with respect to the legitimate purpose of the law receive like treatment.

"K.S.A. 1977 Supp. 21-4618 and 22-3717(8), which deny the privileges of probation and parole and require mandatory minimum sentences for all Article 34 crimes in which the defendant used a firearm in the commission of the crime, are not constitutionally impermissible as denying equal protection of the law.

"In light of the Kansas sentencing statute, K.S.A. 21-4501(b), the provisions of K.S.A. 1977 Supp. 21-4618 and 22-3717(8) denying probation and parole privileges to a defendant convicted of an Article 34 crime in which the defendant used a firearm in the commission of the crime of murder in the second degree are not such a restriction on the judicial power of the sentencing judge as would constitute an impermissible legislative usurpation of the court's prerogatives." (Syl. 4, 5, and 6.)

The judgment is affirmed.