[Crim. No. 1739.   Fourth Dist.   Jan. 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LEROY
BRINK, Defendant and Appellant.

Frank Williams, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of burglary, i.e., a violation of section 459 of the Penal Code, and with the commission of a prior offense, i.e., burglary, for which he served a term of imprisonment; denied the charge of burglary but admitted the prior offense; was convicted of the former upon a verdict finding him guilty of burglary in the second degree; was sentenced to imprisonment in the state prison; and appeals from the judgment entered.

The evidence, reviewed under the governing rule on appeal (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]), adequately supports the judgment.

A restaurant was burglarized in the nighttime. Among other things, the thief stole a small radio and approximately $50 to $75 in small change, which was taken from a cigarette vending machine. The culprit was cut by a broken window pane through which he gained entry as there was blood around the broken window. The primary issue at the trial was that of identity. On the night in question, at about 2 a. m., the defendant bought some foodstuffs at a market about a mile from the subject restaurant; was carrying a small radio; paid for his purchases with $2.76 in small change; and gave the clerk an additional $2.00 or $3.00 in small change as an exchange at the latter's request. At about 2:30 a. m., on a highway a short distance from the market, a police officer saw the defendant carrying a small radio and a paper sack, and attempted to interrogate him, but he ran as the officer approached, dropping the sack, which contained the articles purchased at the market. About an hour later the officer located the defendant at his sister's home, which was in the immediate neighborhood. At this time the defendant denied and then admitted being away from his home after 10 p. m.; denied and then admitted carrying a radio; asserted that he did not know the whereabouts of the radio, stating that he dropped it as he ran from the officer but, when a search

failed to locate the same, agreed that it was possible that the radio might be at his home; consented to a search thereof, which revealed the radio on a bedstand next to his bed; stated that he won it in a poker game, but was unable to satisfactorily identify the place where or the person with whom he had played; and was observed to have a bleeding cut on his hand which he said he received while jumping a fence. The defendant was not held in custody but, with his permission, the radio was taken to the police station. Later, a report of the subject burglary was received; and the defendant, who had left the county in the meantime, was arrested.

The defendant did not testify at the trial.

■ Under the circumstances outlined, the defendant's participation in the subject burglary is established satisfactorily by the showing that he made contradictory statements concerning the events in question (*People* v. *Osslo*, 50 Cal.2d 75, 93 [323 P.2d 397]); that he fled from the officer (*People* v. *Santora*, 51 Cal.App.2d 707, 710 [125 P.2d 606]); that he had possession of property stolen from the restaurant, without a satisfactory explanation therefor (*People* v. *Citrino*, 46 Cal.2d 284, 288, 289 [294 P.2d 32]; *People* v. *Hanz*, 190 Cal. App.2d 793, 800-801 [12 Cal.Rptr. 282]); that he had a cut on his hand; and that there was blood upon the broken window through which entry had been made into the burglarized premises. As the defendant did not testify, the jury was entitled to conclude that the inferences of guilt deducible from the evidence were more probably correct than the inferences of innocence. (*People* v. *Hanz, supra,* 190 Cal.App.2d 793, 801; *People* v. *Neely,* 163 Cal.App.2d 289, 315 [329 P.2d 357].)

■ When the defendant was interviewed at his home, he told the officer that he ran "because he was on probation from Arizona, and he was not supposed to be out after 12:00 p. m." It is suggested that this testimony was inadmissible because it related to a previous offense. ■ However, it is settled "that except when it shows merely criminal disposition, evidence which tends logically and by reasonable inference to establish any fact material for the prosecution, or to overcome any material fact sought to be proved by the defense, is admissible although it may connect the accused with an offense not included in the charge." (*People* v. *Woods,* 35 Cal.2d 504, 509 [218 P.2d 981]; *People* v. *Citrino, supra,* 46 Cal.2d 284, 288.) ■ Under this rule the statement of the defendant to the officer was admissible, being a part of the conversation between him and the officer wherein he at first denied being

out; subsequently admitted it; and in defense of his running away offered the excuse that he was under a probationary order to be indoors by 12 p. m.

It also is suggested that the testimony of the officer respecting the defendant's statements to him, which were elicited during the interview at his home, should not have been admitted because it was not shown that they were made voluntarily. No objection was made to their admission into evidence. ██ Unless, under the evidence before the court, the statements made by the defendant were obtained from him in violation of his constitutional guarantee of due process of law, his failure to object to their admission at the time of trial waived the requirement of a foundational showing respecting their voluntary character. (*People* v. *Millum*, 42 Cal.2d 524, 526-527 [267 P.2d 1039].)

"[W]here the evidence of attendant circumstances and methods of procurement of the confession does not disclose conduct which would make the use of the confession a denial of due process, there is no constitutional proscription of state procedure and state procedure prevails." (*People* v. *Millum, supra*, 42 Cal.2d 524, 527.)

The circumstances in the instant case do not indicate any denial of due process in the premises.

No objection is made to the sufficiency or propriety of the instructions given by the trial court, and our review of the record reveals no error therein.

The judgment is affirmed.

Griffin, P. J., concurred.