[Crim. No. 1759.    Fourth Dist.    Sept. 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. OSCAR TANGUMA LUGO, Defendant and Appellant.

·Hubert D. Stewart, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J. — The defendant, appellant herein, was charged with, tried by a jury for, and convicted of the offense of selling a narcotic, to wit, heroin, i.e., a violation of section 11501 of the Health & Safety Code; also was charged with two prior convictions, i.e., burglary in the second degree and robbery by assault, which he initially denied but thereafter admitted; moved for a new trial, which was denied; and was sentenced to imprisonment in the state prison. He appeals from the judgment and contends that it should be reversed because he was denied a fair trial in that: (1) he was not permitted representation by counsel of his own choosing; (2) a witness for the prosecution testified that he had been in prison; (3) he was not permitted to make a final argument to the jury; (4) the district attorney was guilty of prejudicial misconduct; and (5) the court ordered a recess in the course of the examination of a witness for the People whose testimony was favorable to the defendant, during which the witness was questioned by the deputy district attorney and a narcotics officer, and after which the witness testified that his previous testimony in favor of the defendant was false.

On June 1, 1962, the defendant was arraigned; the public defender was appointed to represent him; he entered a plea of not guilty to the offense charged against him; denied the prior convictions; and the trial of his case was set for August 6, 1962. On the latter date the defendant with his counsel, the public defender, asked for and received a one-week continuance to permit him to procure other counsel. On August 13, the date to which the trial had been continued, the defendant, together with the public defender and the deputy district attorney, was present in the chambers of the judge assigned to try the case; was asked if he wished to withdraw his denial of the allegations respecting alleged prior convictions; told the court that his "people" had obtained an attorney other than the public defender to represent him; and stated that this attorney, a Mr. James Benjamin, was in the courtroom. Thereupon the public defender advised the court and the defendant that he had talked to Mr. Benjamin before coming into chambers, and the latter had indicated he would not represent the defendant because he had not been paid. Upon suggestion from the court,

the public defender left the judge's chambers in search of Mr. Benjamin; returned in approximately three minutes; and reported that the attorney was not "in the area." Thereupon, the court asked the defendant if he admitted or denied the allegations with respect to the prior convictions, and the defendant stated he would admit them. The defendant did not ask for a further continuance to enable him to employ other counsel; did not ask that the public defender be removed as his counsel; and did not object to the public defender's continuance as his counsel. Thereafter, the trial commenced. During the course thereof the defendant did not request a change of counsel; did not ask that he be permitted to represent himself; and did not object to the manner in which the public defender was conducting his defense.

In support of his motion for a new trial the defendant submitted affidavits in which it was alleged that arrangements had been made by the defendant, his wife, and other relatives, to employ Mr. Benjamin; that the latter demanded a retainer of $100; that on the morning of August 13th, Benjamin and the defendant talked together for a short time; thereafter, Benjamin was seen talking with the public defender; and, subsequently, the defendant's wife tendered the retainer fee which was declined with the statement that the public defender was going to represent the defendant.

The gist of the defendant's complaint is that the court proceeded to trial without the attorney he had employed. The only indication of such employment made during the course of the trial was the statement by the defendant with respect thereto while in the judge's chambers at the time he withdrew his denial of the allegations respecting the prior offenses and admitted the same. The record does not establish as a matter of law that Benjamin had been retained to represent the defendant. The trial court was not required to accept the statements to this effect in the affidavits submitted with the motion for a new trial. It is noteworthy that no affidavit by Benjamin was produced in support of the defendant's claim of employment. The failure to produce such an affidavit is of particular significance in view of the statement made by the public defender to the court, in the presence of the defendant, immediately before trial, that Mr. Benjamin had told him, i.e., the public defender, that he was not going to represent the defendant because he had not been paid. This statement was not then challenged. ■ "When a defendant asserts that his constitutional right to adequate representation of counsel has been violated, the burden of sustaining the allegation rests

upon him.'' (*People* v. *Downer,* 57 Cal.2d 800, 813 [22 Cal. Rptr. 347, 372 P.2d 107] ; *Stroble* v. *State of California,* 343 U.S. 181, 197 [72 S.Ct. 599, 96 L.Ed. 872, 884-885].)

The record in the case at bar indicates merely that the defendant was desirous of employing counsel other than the public defender; did not effect such employment; actually was represented by the public defender; and made no objection thereto until his motion for a new trial. Under such circumstances he may not complain on appeal of any alleged infringement of his constitutionally guaranteed right to counsel. (*People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865].)

The defendant also complains that he was not adequately represented by the public defender; that he was interviewed by him only on two occasions; that certain testimony was admitted without objection; and that several witnesses who could have been called on defendant's behalf were not produced. Again it should be noted that, during the course of the trial, there was no objection with respect to the manner in which the public defender was presenting the defendant's case; no complaint with respect to any lack of preparation; and no suggestion that additional witnesses should be called. The representation afforded an accused will not be declared inadequate unless it is shown that his counsel displayed such a lack of good faith, diligence and competence as to reduce the proceeding to a '' 'farce or a sham.' '' (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457] ; *People* v. *Ricks,* 161 Cal. App.2d 674, 678 [327 P.2d 209].) There is no showing in the instant case from which it can be determined whether the testimony of the alleged additional defense witnesses was material; was necessary; would be admissible; or that defense counsel did not exercise proper judgment in not calling them. Neither is there any showing that he did not act properly in not objecting to certain evidence. (See *People* v. *Monk, supra,* 56 Cal.2d 288, 298-299.) Our review of the record indicates that the defendant was ably and adequately represented.

One of the prosecution's witnesses was interrogated respecting conversations between himself and the defendant with respect to the latter's knowledge of the narcotic trade in Southern California; testified that the defendant offered to assist law enforcement officers in apprehending a source of supply; and, in relating such conversations, stated that the defendant ''indicated that he could not afford to go back to the joint again, as he had spent time in the joint.'' No motion

to strike or other objection thereto was made. On appeal, the defendant contends that this testimony was proof that he had been convicted of a prior offense; was inadmissible for such purpose; and its reception constituted prejudicial error. This contention is without merit.

■ "Evidence of other crimes may be admitted when it tends directly to establish the crime charged by proving a material fact, where it is part of the res gestae, or where it helps to disclose motive, intent, premeditation, guilty knowledge, malice, or a common plan or scheme." (*People* v. *Albertson,* 23 Cal.2d 550, 576 [145 P.2d 7].)

■ The subject conversation was admissible as an inferential admission of guilt, and also in proof of guilty knowledge. That part thereof acknowledging prior confinement was admissible as a part of that conversation; to show the reason why the defendant was making the statement in question; and as proof of an implied belief that he had done something for which he might be returned to prison. (*People* v. *Brink,* 211 Cal.App.2d 718, 720-721 [27 Cal.Rptr. 586].)

■ Furthermore, the failure to object to the subject testimony in the trial court forecloses any objection on appeal. (*People* v. *Simeone,* 26 Cal.2d 795, 804 [161 P.2d 369].) ■ In addition, the defendant became a witness in the case; denied any participation in the sale with which he was charged; and on cross-examination admitted his conviction of two prior felonious offenses. Thus, any error in admitting the testimony relating to defendant's prior confinement was cured. (*People* v. *Ball,* 221 Cal.App.2d 435, 438 [27 Cal.Rptr. 274]; *People* v. *Chapman,* 81 Cal.App.2d 857, 863 [185 P.2d 424].)

■ After both sides had rested, the defendant asked permission to address the jury; was told by the court that he was represented by counsel who would speak on his behalf; was permitted to talk to his counsel before the latter argued the case; and handed the court a written statement containing matters which he wished to present to the jury by way of argument. During the course of defense counsel's presentation to the jury, the defendant interrupted to make a statement with respect to his claim that a man by the name of Penny was the person who had made the sale with which he was charged. On appeal it is urged that the failure to permit the defendant to argue to the jury was error. This contention also is without merit. A defendant who is represented by counsel is not entitled, as a matter of right, to present his case to the jury. (*People* v. *Mattson,* 51 Cal.2d 777, 789 [336

P.2d 937]; *People* v. *Jackson* 186 Cal.App.2d 307, 315 [8 Cal. Rptr. 849].)

■ The record shows that those matters to which the defendant referred in his written statement either were not proper subjects for argument, or were presented by his attorney in the course of the latter's argument. It is the duty of the trial judge to control all proceedings during the trial and to limit the arguments to relevant and material matters. (Pen. Code, § 1044.) There is no showing that the trial judge in the case at bar abused his discretion in the discharge of this duty.

It is contended, nevertheless, that the defendant was entitled to discharge his attorney and argue the case for himself. Such a contention is based on the premise that the defendant had discharged his attorney. This was not the fact.

■ The district attorney, during cross-examination of the defendant, asked the latter if he had admitted to a man named Ramirez that he had participated in the subject offense; received a negative reply; and produced no evidence in support of any such admission. The defendant contends that the question with respect to the alleged admission to Ramirez was not asked in good faith, and was prejudicial error under the rule in *People* v. *Lo Cigno,* 193 Cal.App.2d 360, 388 [14 Cal. Rptr. 354], where the court said: "It was improper to ask questions which clearly suggested the existence of facts which would have been harmful to defendant, in the absence of a good faith belief by the prosecutor that the questions would be answered in the affirmative, or with a belief on his part that the facts could be proved, and a purpose to prove them, if their existence should be denied." The failure of the district attorney to present proof that the defendant had made an admission to Ramirez supports an inference of bad faith. (*People* v. *Roberts,* 213 Cal.App.2d 387, 397 [28 Cal.Rptr. 839].) On the other hand, the defendant had made two admissions of guilt in the presence of law enforcement officers, although he denied doing so at the time of trial. His denial of any admission to Ramirez did not establish, per se, that the district attorney in interrogating him with respect thereto, was guilty of bad faith. The alleged misconduct of the district attorney was not brought to the attention of the trial court; the issue of bad faith was not there determined; and for this reason the matter is not a proper subject for review on appeal. (*People* v. *Roberts, supra,* 213 Cal.App.2d 387, 397-398.)

■   The sale with which the defendant was charged was made in the nighttime; took place out of doors; involved an informer by the name of Mentel and an undercover officer by the name of Hanson. The latter testified to the fact of sale and identified the defendant as the person making such. Mentel was called as a witness by the prosecution and testified that the person who made the sale actually was a man by the name of Penny, whom he introduced to Hanson as the defendant. At this juncture the district attorney professed surprise and asked for a recess. Thereupon the jury was excused and the defendant, counsel and the witness engaged in a discussion which culminated in a request by Mentel for a recess because he was "sort of mixed up," and wanted to "have a few minutes to think this out." A recess was granted. Thereafter Mentel returned to the witness stand and stated that his previous testimony was untrue; that the defendant and not Penny was the man who sold him and the officer the heroin; and that the reason he previously had testified otherwise was because he hated "to go up to the penitentiary with a jacket on," i.e., under protective custody as an informer.

The defendant contends that the granting of the recess in question was reversible error, but advances no argument and cites no authority in support of this contention. Such a presentation does not merit consideration by this court. (*Guillory* v. *Godfrey,* 134 Cal.App.2d 628, 634 [286 P.2d 474].)

■   On his motion for a new trial the defendant presented an affidavit by one of Mentel's jailmates in which the latter stated that the former said he had " 'buried Oscar,' " meaning the defendant, because the narcotics officer had "put too much pressure on him." The refusal of the trial court to accept this statement as true or, accepting it, to grant a new trial, did not constitute an abuse of discretion. The evidence overwhelmingly supports the conclusion that the defendant was guilty as charged.

The evidence adequately supports the verdict. No contention is made to the contrary. The instructions given were proper. No objection has been made thereto. The contentions with respect to alleged errors by the trial court are without merit. The defendant was afforded a fair trial.

The judgment is affirmed.

Griffin, P. J., and Stone, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.