[Crim. No. 8736.   Second Dist., Div. Four.   Nov. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ERNEST ROBINSON, Defendant and Appellant.

James A. Irwin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—This is an appeal from a judgment of conviction of the crime of burglary, a violation of section 459 of the Penal Code.

I

There can be no question as to the proof of defendant's guilt. The police officer testified, without contradiction, that he saw defendant at 4 a.m., in front of a store which had been broken into, with his arms full of merchandise, that he chased and caught him, still in possession of the stolen goods. Both the corpus delicti and defendant's participation are clear.

II

The major issue raised by defendant is that, at the time of the preliminary hearing, the magistrate denied defendant his constitutional rights in refusing a continuance so defendant could be represented by counsel of his own choosing.

The facts surrounding the controversial event in question are as follows: At the preliminary examination (held on Monday, August 20, 1962) defendant was represented by a public defender, who informed the court that he was advised that defendant's cousin had, on the previous night, employed an attorney, and that said attorney would request the court for a continuance until either Thursday of the week in which the preliminary hearing was held or the following Monday, for the purpose of representing the defendant. The public defender also indicated that the defendant joined his .counsel in the request. The court then stated that it was rather late to make such a request in light of the fact that all the witnesses had been subpoenaed and were in court; the continuance was denied.[1]

---

[1]The entire discussion occupies less than a page in the Reporter's Transcript: ''MR. BARNES [Deputy Public Defender]: Your Honor, it comes to my attention that the defendant's cousin, Mr. Heath, who is presently in court, just last night contacted Mr. John Barrows, an

In the superior court defendant was represented by independent counsel of his own selection. A motion was made under Penal Code, section 995, based on the action of the magistrate above set out. Said motion was denied and defendant pleaded "not guilty." The cause was then submitted to the superior court, by stipulation, on the transcript of the preliminary hearing, with the further stipulation that all exhibits entered into evidence at the time of the preliminary hearing were reentered into evidence for the purpose of this trial. However, the stipulations were made with the understanding that the defendant objected to the introduction of any and all evidence on the ground that the defendant's right to counsel of his own choosing was denied by the magistrate at the time of the preliminary hearing, and that the superior court was deprived of the right or jurisdiction to proceed in the matter. The court thereupon stated that it had read the transcript of the proceedings held at the preliminary hearing; that it had examined the exhibits introduced as evidence there and, pursuant to the stipulation, received in evidence in the superior court. The defendant was then pronounced guilty of burglary in the second degree, hence this appeal.

Defendant, in seeking a reversal of the conviction upon the ground that the magistrate denied him his constitutional rights in refusing him a continuance so he could be represented at the preliminary hearing by counsel of his own choice, relies on article I, section 8, of the California Constitution as supplemented by sections 858, 859 and 860, subdivision (3), of the Penal Code.

It should be noted at the outset that this is not a case of total denial of the right to counsel. Defendant was represented by the public defender and it is clear that his representation of defendant was entirely adequate—no contention is made that it was not. But defendant has a right to repre-

---

attorney, who would request the Court for a continuance until either Thursday of this week or Monday of next, for purposes of representing the defendant. The defendant would make that request. THE COURT: The defendant is in custody? Mr. Robinson? THE DEFENDANT: Yes. THE COURT: There is only one problem about that, Mr. Robinson, it comes very late. Did you know anything about it? MR. ROSS [The Deputy District Attorney]: Just this morning, your Honor. THE COURT: Because all of these witnesses have been subpoenaed. How many? MR. ROSS: We have present one civilian and three—— THE COURT: There are seven witnesses. The motion will be denied. And the Public Defender is directed to represent you, the defendant, here in this preliminary hearing."

sentation not merely by *an* attorney, but by the attorney of his own choice. This latter right, however, is not absolute and it is clear that the defendant cannot, by insisting on a particular attorney, unnecessarily impede or obstruct the progress of the proceedings.

We need not here inquire where the line between the desire of a defendant for a particular attorney and the needs of the court and People should be drawn. The Legislature has imposed at least certain minimum standards, the violation of which entitled a defendant, if he acts seasonably, to a dismissal of an information resulting from a preliminary examination held in disregard of the statutory requirements. Defendant relied on section 860 of the Penal Code, which, so far as here pertinent, reads as follows:

"If the public offense is

" .................................................

"3. A felony to which the defendant has not pleaded guilty in accordance with section 859a of this code, then, if the defendant requires the aid of counsel, the magistrate *must* allow the defendant a reasonable time to send for counsel, and may postpone the examination for not less than two nor more than five days for that purpose. The magistrate must, immediately after the appearance of counsel, or if, after waiting a reasonable time therefor, none appears, proceed to examine the case; . . ." (Italics added.)

The cases do not give much help in applying this language to the particular situation before us. In five cases, the point of representation by counsel at the preliminary examination was made after plea,[2] in others a continuance to obtain counsel was granted but none appeared at the adjourned date,[3] and in others the right to counsel was expressly waived.[4]

So far as we can discover, in only two cases has there been a total denial of the statutory right, seasonably raised. In *People* v. *Napthaly* (1895) 105 Cal. 641 [39 P. 29], the

[2]*People* v. *Hickok* (1950) 96 Cal.App.2d 621 [216 P.2d 140]; *People* v. *Greene* (1947) 80 Cal.App.2d 745 [182 P.2d 576]; *In re Berry* (1955) 43 Cal.2d 838 [279 P.2d 18]; *People* v. *Brooks* (1946) 72 Cal.App.2d 657 [165 P.2d 51]; *People* v. *White* (1963) 213 Cal.App.2d 171 [28 Cal.Rptr. 656]; and cf. *People* v. *Lugo* (1963) 220 Cal.App.2d 54 [33 Cal.Rptr. 572].

[3]*People* v. *Greene* (1951) 108 Cal.App.2d 136 [238 P.2d 616]; *People* v. *Caballero* (1919) 41 Cal.App. 146 [182 P. 321].

[4]*People* v. *Mattson* (1959) 51 Cal.2d 777 [336 P.2d 937]; *People* v. *Campbell* (1955) 138 Cal.App.2d 16 [291 P.2d 47].

magistrate arbitrarily refused to allow defendant to send for counsel and the Supreme Court held that, even though it appeared that defendant was himself a lawyer, he was entitled to counsel to represent him and that the proceedings in the superior court were void; here, defendant was afforded representation by counsel. In *People* v. *Avilez* (1948) 86 Cal. App.2d 289 [194 P.2d 829], the public defender, without investigation and with minimal consultation with his client, and with neither the defendant nor the public defender knowing that private counsel had been retained and was on his way to court, allowed a plea of guilty to 32 felony counts. The decision was that, under these circumstances, it was error for the superior court to refuse a motion to withdraw the pleas. But in the present case, no showing was made to the court as to the reason why privately retained counsel was not present in court. It is true that he had been retained only the night before, but many counsel have appeared on as short or shorter notice. Had counsel appeared, he might or might not have made a showing sufficient to require a continuance in order to prepare himself for the hearing. But we are left in the dark as to the extent of investigation already done or as to any additional preparation necessary. ■ As we have pointed out, in the superior court, private counsel of defendant's own selection stipulated that the matter could be heard on the transcript of the preliminary examination, reserving only the point now under consideration. It thus appears that the retained counsel was satisfied with the representation afforded by the public defender at the preliminary hearing, and had nothing to add thereto by way of cross-examination nor defense. He made no contention to the trial judge, and none is made by present counsel, that the public defender's representation was anything but adequate and as effective as possible under the circumstances of overwhelming eyewitness testimony. Therefore, no deprival of due process of law can be held to have occurred.

■ But, as we have said, section 860 imposes statutory duties on the magistrate which must be observed, apart from any constitutional requirements. While the section is no model of draftsmanship, the Supreme Court has said that its "evident purpose" is "to insure that the accused is afforded every reasonable opportunity to secure and be represented by counsel of his own choice before the magistrate begins the 'examination,' i.e., before the introduction of any evidence or the examination of any witnesses before the magistrate."

(*People* v. *Terry* (1962) 57 Cal.2d 538, 554 [21 Cal.Rptr. 185, 370 P.2d 985].) And we do not think it material whether the defendant appears before the magistrate without having retained counsel, or whether he has retained counsel who has failed to appear at the time set. Some reasonable opportunity to "send" for counsel of his own choice must be afforded to him.

The People argue that the word "send" should be read as the equivalent of the word "employ" and, as authority for that construction, cite the decisions in *People* v. *Downer* (1962) 57 Cal.2d 800, 812 [22 Cal.Rptr. 347, 372 P.2d 107], and in *People* v. *Mattson* (1959) 51 Cal.2d 777, 793-794 [336 P.2d 937]. However, a reading of those cases clearly shows that the present problem was not before the court or considered by it. The language just quoted from *People* v. *Terry* is a more significant expression.

It is argued also that the statutory language is "if defendant requires the aid of counsel" and that the present defendant did not "require" counsel since the public defender was available to him. Again this misses the purpose of the section. A defendant "requires" counsel in the sense of "needs" counsel in all cases where his rights are to be litigated; the word in this section must be taken in its primary and most ancient sense of "to ask for," "to call for," "to demand as necessary." (Webster's Third International Dictionary, p. 1929.)

We need not decide whether or not the magistrate in this case was under a mandatory duty to grant at least a two-day continuance. The magistrate made no effort to comply with the statute. He did not, as did the courts in *People* v. *Caballero* (1919), *supra,* 41 Cal.App. 146, and in *People* v. *Lugo* (1963), *supra,* 220 Cal.App.2d 54, inquire as to the details of the alleged retainer, although the relative who had made the arrangements was in court. Nor did he afford any time for defendant, the public defender, or anyone else, to ascertain why the retained counsel was not present or when he could appear. While the magistrate showed commendable concern for the inconvenience to witnesses, such consideration did not warrant a departure from his duties under the law to afford defendant a reasonable opportunity to be represented by counsel of his own choosing. Witnesses will ordinarily be under subpoena and present in every case where section 860 is invoked; their presence is not a ground for a total disregard of the statutory obligation.

## III

Assigned counsel has reported to us additional points raised by defendant himself; we comment on them as follows:

■ (a) It is not error for the magistrate to participate in the examination of witnesses where, as here, the purpose is merely to elicit and clarify material points. (Pen. Code, § 860; *People* v. *Corrigan* (1957) 48 Cal.2d 551 [310 P.2d 953].)

(b) The "off the record" discussion to which defendant objects clearly related to satisfying defense counsel as to the existence of proof of one of the prior convictions—a matter never seriously in question.

■ (c) Defendant objects that the matter of prior convictions was discussed before the court rendered its decision on the merits of the present charge, although after introduction of all evidence on the merits. We can see no prejudice where, as here, the trial is to the court and on undisputed evidence of guilt overwhelming in its nature.

The judgment is reversed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 3, 1963, and respondent's petition for a hearing by the Supreme Court was denied January 7, 1964.