[Crim. No. 9748.   Second Dist., Div. Four.   Nov. 12, 1964.]

In re NANGA-PARBET ALI on Habeas Copus.

[Crim. No. 9533.   Second Dist., Div. Four.   Nov. 12, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. NANGA-PARBET ALI, Defendant and Appellant.

Nanga-Parbet Ali, in pro. per., for Petitioner and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Doris H. Maier and William E. James, Assistant Attorneys General, for Respondent in Crim. No. 9748.

No appearance for Plaintiff and Respondent in Crim. No. 9533.

KINGSLEY, J.—On April 1, 1963, petitioner, represented by William P. Nutter, an attorney of his own selection, was brought before the Municipal Court of Los Cerritos Judicial District, County of Los Angeles, for a preliminary hearing on the charges for which he was subsequently convicted.

On April 15, 1963, petitioner was arraigned in Department South E of the Superior Court. He was charged with three counts of violating section 484a of the Penal Code, the unlaw-

ful use of a credit card. Petitioner appeared in propria persona, entered a plea of not guilty to each count and denied two prior felony convictions in the States of New York and Idaho charged in the information. We are told that the propria persona appearance on this occasion resulted from the fact that retained counsel was otherwise engaged and petitioner (and we assume his attorney) desired to secure a copy of the transcript of the preliminary examination as early as possible. By appearing in propria persona the transcript was delivered to the defendant forthwith. At the arraignment, trial was set for May 9th.

Petitioner alleges that, between April 15, 1963, and May 8, 1963, he had consulted with his retained counsel and delivered the transcript to him; and that, on May 8, 1963, this counsel had advised him that a continuance was to be secured because counsel had to go into the hospital and that counsel had so advised the prosecuting attorney. The petition is supported by an affidavit of counsel setting out a serious diabetic condition which had necessitated hospitalization. On May 9, 1963, the petitioner, again appearing in propria persona, requested a continuance in order that his counsel might appear. He stated his attorney had notified him on the previous evening that he had to go to the hospital. The court stated: "As the Court told you previously, Mr. Ali, you were to be ready for trial on this date. The Court strongly recommended that you do not try to represent yourself.

". . . . . . . . . . . . .

"The Court told you that you were to go to trial today. You didn't want the Court to appoint an attorney to represent you. You came in this morning for the first time saying that you retained an attorney last evening.

"THE DEFENDANT: It was last evening that he notified me that he had to go to the hospital.

"THE COURT: He could have communicated with the Court if he wanted a continuance. We haven't anything from him at all, except your statement that he will represent you. The Court has witnesses here. One of them is from Nevada, and you had been definitely told that you must be prepared for trial today.

"THE DEFENDANT: Unless I have misunderstood the prosecutor here, my attorney did contact him by phone to that effect last evening.

"MR. JACOBSON: It is true that an attorney—not an attorney of record—did call me last night and said that he would

represent this defendant, but there would have to be a continuance, and I told him that it was much too late to call off witnesses; thus, the fact that his client had insisted that he represent himself.

"THE COURT: Furthermore, it was just specifically informed that he must be ready for trial today.

"THE DEFENDANT: May my stipulation for the record show my request?

"THE COURT: It will be shown.

"The Court further informed you, even today, that if you care to waive a jury and allow the testimony of this one witness—who is from Nevada—allow his testimony to be taken, the Court would be pleased to grant you a continuance to the time when you may have an attorney to represent you, but you started not to do that. The Court has given you that opportunity if you wish to avail yourself of it.

"THE DEFENDANT: I would not make a witness to testify where he would properly cross-examine, so I will continue with it.

"THE COURT: Well, you are going to represent yourself in any event, so you apparently decided that if you were to cross-examine him, the Court is perfectly willing to accomodate [sic] you, if you wish to waive a jury, by hearing the testimony of this witness, and then continuing the case to such a reasonable time as you may desire. If your counsel then wants to further cross-examine this witness and to make arrangements to do so, he may get the witness down here, if the witness cares to come back to court and subject himself to cross-examination by your attorney. The Court is trying to give you every consideration, but you just haven't apparently seen fit to cooperate with the Court.

"THE DEFENDANT: We are ready.

"THE COURT: Very well. Miss Clerk, you may swear the panel."

No other continuances or motions for continuance had been made in the action prior to this time.

On May 15, 1963, the jury returned a verdict of guilty on all three counts and further found the allegation of a previous New York conviction charged against the petitioner to be true.

On June 6, 1963, William P. Nutter was substituted as counsel for the petitioner and the matter was continued to June 27, 1963.

On the latter day, Mr. Nutter made a motion for a new trial. He stated to the court: "At the time of trial, during the first day thereof, Mr. Ali made a motion, which was denied

by the Court, that he be represented by private counsel. That motion was denied.

"The following day I appeared here. I was unaware of the fact that the matter had gone to trial because of the fact that I had been substituted out due to Mr. Ali's anxiety to procure a copy of the transcript of the preliminary hearing, apparently. I explained the situation to the Court and the Court at that time determined that Mr. Ali should proceed in his own behalf. I believe that he should have had the opportunity to be represented by counsel of his own choosing during the course of the trial, and that it is the only ground upon which I make that motion this morning."

The motion for a new trial was denied, probation was denied and petitioner was sentenced to state prison. He appealed, in propria persona, from this judgment.

Thereafter, petitioner filed, in the Supreme Court, a petition for a writ of habeas corpus, contending that his conviction was illegal and void, in that the events above set forth amounted to a denial of his constitutional right to counsel. The Supreme Court transferred the proceeding to this court to be heard in connection with the pending appeal.[1] At petitioner's request we appointed counsel to represent him on the appeal and in the habeas corpus proceeding. Such counsel duly filed an opening brief on the appeal and a brief and a traverse to the return in the habeas corpus matter. Because petitioner was dissatisfied with the presentation thus made on his behalf (although we regard it as an effective presentation), we relieved appointed counsel as requested by petitioner. Apart from a pro forma "Return" to the petition for the writ of habeas corpus, no appearance was made by or on behalf of the People. In this state of the record, we calendared the habeas corpus proceeding; no presentation in opposition was made when the matter was called for hearing; we dispose of it by this opinion. Since our action in the habeas corpus matter renders moot the other issues involved in the appeal, we dispose of the appeal by vacation of the judgment.

I

The Attorney General contends that all points sought to be raised by petitioner in the instant proceeding can and should be raised on the direct appeal which is now pending

---

[1] It is by reason of this transfer that this court has jurisdiction over the habeas corpus matter, although petitioner is incarcerated in a prison within the territorial jurisdiction of another appellate district.

in this court. The assertion is made that the remedy by appeal is speedy and adequate. However, as of this time, although an appellant's opening brief has been on file since June 8, 1964, no brief has been filed with this court by the People on the appeal. Although this delay may be unavoidable due to the shortage of personnel in the office of the Attorney General, petitioner would remain imprisoned, pending the outcome of his appeal. Thus, in the instant case, the remedy by appeal is neither speedy nor adequate.

The law is uncontroverted that the writ of habeas corpus is a proper remedy for collaterally attacking a judgment obtained in violation of fundamental constitutional rights. (*In re Winchester* (1960) 53 Cal.2d 528 [2 Cal.Rptr. 296, 348 P.2d 904], cert. den. (1960) 363 U.S. 852 [80 S.Ct. 1631, 4 L.Ed.2d 1734].) Right to counsel is a fundamental right guaranteed both by the Constitution of the United States and the Constitution of the State of California. (*In re Masching* (1953) 41 Cal.2d 530 [261 P.2d 251]; *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 733].)

Petitioner contends the trial court erred in failing to grant his motion for a continuance. If the allegations of both the petitioner and his original counsel, William P. Nutter, can be taken as true, to wit: that Mr. Nutter failed to appear on the day set for trial because of his illness and need for hospitalization, then the trial court's failure to grant a continuance was tantamount to denying petitioner his constitutional right to counsel. The absence of counsel for the defense, on account of sickness, is a compelling ground for continuance in a criminal case. (*People* v. *Logan* (1854) 4 Cal. 188.) The trial court should not prejudice a defendant by denying him a continuance when he is not responsible for counsel's absence and did not have sufficient time to obtain other counsel. (*People* v. *Manchetti* (1946) 29 Cal.2d 452 [175 P.2d 533].)

The record indicates that the trial court was informed that petitioner was appearing in propria persona because his retained counsel had been taken ill. It was the court's duty, therefore, to inquire into the truth of petitioner's allegation and to inquire whether petitioner could have earlier informed the court of counsel's inability to represent him so as to avoid any inconvenience to out-of-state witnesses. A similar situation faced the court in *People* v. *Robinson* (1964) 222 Cal.App.2d 602, 608 [35 Cal.Rptr. 344] where it was stated:

"We need not decide whether or not the magistrate in this case was under a mandatory duty to grant at least a two-day continuance. The magistrate made no effort to comply with the statute. . . . Nor did he afford any time for defendant, the public defender, or anyone else, to ascertain why the retained counsel was not present or when he could appear. While the magistrate showed commendable concern for the inconvenience to witnesses, such consideration did not warrant a departure from his duties under the law to afford defendant a reasonable opportunity to be represented by counsel of his own choosing."

Although the court dealt there with a denial of counsel at a preliminary examination, the language is equally applicable here.

■ Nor can it be argued that the trial court in the instant case afforded the petitioner any right to counsel by making a continuance available to him on condition he waive trial by jury and allow the testimony of the People's out-of-state witness to be taken while the petitioner would be required to act in propria persona during this testimony. Petitioner, indeed, was placed in the unenviable position of having to waive either or both of two constitutional rights: his right to counsel or his right to trial by jury as guaranteed by article I, section 7 of the Constitution of the State of California. That he opted in favor of trial by jury did not constitute a waiver of his right to counsel. The exercise of one constitutional right cannot be conditional upon the denial of another.

■ The net effect of the trial court's action was to deny petitioner effective representation during the trial; a conviction resulting therefrom cannot stand. However, the error affects only proceedings subsequent to the arraignment and petitioner is entitled only to have the criminal prosecution resume at the point where the constitutional right was denied.

The writ is granted; the judgment of conviction is vacated; petitioner is ordered returned to the custody of the Sheriff of Los Angeles County pending further proceedings in the superior court of that county consistent with this opinion.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied November 30, 1964.