[Crim. No. 11244.   Second Dist., Div. Four.   Aug. 19, 1965.]

In re NANGA-PARBET ALI on Habeas Corpus.

Nanga-Parbet Ali, in pro. per., for Petitioner.

No appearance for Respondent.

KINGSLEY, J.—Petitioner was duly charged with violations of section 484a of the Penal Code (unlawful use of a credit card).   After a trial by jury, he was convicted and sentenced to state prison.   He appealed from that judgment and also, petitioned for a writ of habeas corpus on the ground of improper denial of his right to counsel.   The habeas corpus matter having been transferred to this court by the Supreme Court, we considered it, found his contention to be valid, saying: "The net effect of the trial court's action was to deny petitioner effective representation during the trial; a conviction resulting therefrom cannot stand.   However, the error affects only proceedings subsequent to the arraignment and petitioner is entitled only to have the criminal prosecution resume at the point where constitutional right was denied."

Accordingly, we issued our judgment on the petition and on the concurrent appeal, as follows: "The writ is granted; the judgment of conviction is vacated; petitioner is ordered returned to the custody of the Sheriff of Los Angeles County pending further proceedings in the superior court of that county consistent with this opinion." (*In re Ali* (1964) 230 Cal.App.2d 585, 591 [41 Cal.Rptr. 108].)

That judgment became final on January 12, 1965, and our remittitur issued on that date; it was duly filed in the trial court on January 14, 1965.

Thereafter, petitioner was again brought to trial on the original information and, after a jury trial, was again convicted. He was again sentenced to state prison and has again appealed from the judgment of conviction. That appeal is now pending in this court.

On July 21, 1965, he filed in the Supreme Court a petition for a writ of habeas corpus. That petition has been duly transferred to this court for determination.[1] Since our examination of the petition, and the "Supplemental Affidavit" filed in connection therewith, together with an examination of the record on appeal in his pending appeal from the judgment, discloses that the petition is without merit, we deny the petition.

The grounds set out for relief by way of habeas corpus are three: (1) That defendant was not brought to trial within the period prescribed by section 1382 of the Penal Code; (2) That the trial court denied him a fair trial by reason of its rulings and conduct during the course of the trial; and (3) That his right to be free from double jeopardy was violated by the sentence imposed after the second trial.[2]

The second and third grounds are not available to petitioner in the present proceeding. All the matters complained of can be raised and considered on the appeal from the judgment, now pending in this court; and, absent unusual circumstances, matters which can be determined on appeal are

[1] As in the earlier proceeding, we secured jurisdiction over the habeas corpus proceeding by virtue of the order of transfer, although petitioner is confined in the state prison at Folsom, a place outside our normal geographical jurisdiction.

[2] At the first trial, defendant was convicted on three counts and sentenced to state prison, the sentences to run concurrently. On the second trial, he was again found guilty on the same three counts and sentenced to state prison, but the sentences were ordered to run consecutively. It is contended that this amounted to an invalid increase in penalty in violation of a constitutional right. (Cf. *People* v. *Henderson* (1963) 60 Cal. 2d 482 [35 Cal.Rptr. 77, 386 P.2d 677]; *In re Ferguson* (1965) 233 Cal.App.2d 79 [43 Cal.Rptr. 325].

not grounds for relief in a habeas corpus proceeding. (Witkin, Cal. Criminal Procedure (1963) § 796.) No reason is given to us, and we can see no reason, why the appeal will not be a speedy and effective remedy.[3]

The first ground is without merit. The constitutional right to a speedy trial is implemented by the provisions of subdivision 2 of section 1382 of the Penal Code, which reads as follows: ''The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

''1. . . . . . . . . . . .

''2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.

''3. . . . . . . . . . . .''

As we have indicated above, remittitur was filed in the trial court on January 14, 1965. The sixtieth day thereafter fell on Monday, March 15, 1965. The record on the appeal from the judgment shows that the case was originally set for trial on February 5, 1965. On that date defendant appeared, without counsel; he refused the services of counsel; sundry matters having to do with his pretrial preparation were discussed, and the case was continued to March 11, 1965. On March 11, 1965, the case was called for trial. A discussion relative to defendant's waiver of counsel ensued and the case was continued until March 12, 1965 (a Friday). On Friday, March 12, 1965, the case resumed; motions for dismissal on sundry grounds, including a motion under section 995, were

---

[3]We allowed petitioner to proceed in habeas corpus after the first trial because of a long and unexplained delay in presenting the appeal for consideration. In the present case, the record is on file; it is for petitioner to see that an appellant's brief is promptly filed; when it is, the case will proceed to consideration within the time prescribed by the rules of this court.

made, argued and denied. There were further proceedings concerning provision of a "runner" for defendant and of supplies required to prepare his defense. The case was then continued until Monday, March 15, 1965. On March 15th the case was again called; defendant raised the contention here presented, which was rejected; a long discussion took place in chambers, resulting in the denial of some and the granting of other requests by defendant for subpoenas; trial was then continued until March 16th. On March 16th, trial resumed, a jury was selected and sworn and other proceedings followed. Testimony began on March 17, 1965.

We need not here decide just when, in this series of proceedings, the "trial" commenced. Even if we take the latest possible date of March 16th, when the jury selection took place, it is clear that the court and the People had been ready for trial as early as March 11th—a date well within the 60-day period—and that any delay thereafter was due entirely to matters initiated by defendant, dealing with the trial of this case, and necessitating delay of the jury selection and of testimony until they were disposed of. Any delay beyond the sixtieth day (if delay in law there was) was thus, obviously, "for good cause" and with at least the implied consent of defendant. This factor distinguishes the present case from *People* v. *Clark* (1965) 62 Cal.2d 870, 881-882 [44 Cal.Rptr. 784, 402 P.2d 856] where the delay beyond the statutory period resulted solely from matters urged by the People over the objection of the defendants and was for causes which the court held did not amount to "good cause."

The petition is denied.

Files, P. J., and Jefferson, J., concurred.