[Crim. No. 14515. In Bank. Nov. 10, 1970.]

In re JAMES RODGER HANNIE on Habeas Corpus.

## COUNSEL

Marshall Miles for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William R. Pounders, Deputy Attorney General, for Respondent.

## OPINION

**BURKE, J.**—In 1961 James Rodger Hannie was found guilty by a court of burglary (Pen. Code, § 459) and grand theft (Pen. Code, § 487) and was sentenced to prison on both counts. Two prior felony convictions were found to be true. The judgment was affirmed. (*People* v. *Hannie* (1962) 202 Cal.App.2d 462 [20 Cal.Rptr. 808].) In 1970 he received prison sentences for escape from state prison (Pen. Code, § 4530, subd. (b)), and escape from lawful custody (Pen. Code, § 4532, subd. (b)). He is now confined at Folsom pursuant to the 1961 and 1970 judgments.

The instant petition, filed on Hannie's behalf by private counsel, asserts that at the proceedings resulting in the 1961 judgment Hannie was deprived of his rights (1) to be confronted with the witnesses against him and to a jury trial because his waivers of those rights were allegedly involuntary and (2) to effective assistance of counsel at (a) the preliminary hearing and (b) the proceeding in which he entered the waivers. According to Hannie, the waivers were involuntary because on the date set for trial his attorney, Bradford Arthur, was engaged in another trial and Hannie, as the result of an alleged statement by District Attorney Kirschke and comments by the court that assertedly indicated it would not grant a continuance unless Hannie waived his rights to a jury trial and confrontation, "felt that [he] had a choice of waiving [his] rights and having the trial continued until a later date or of proceeding to trial [on the date set for trial] either in pro per or with an appointed attorney unfamiliar with the case . . . ." Hannie states that the superior court and the Court of Appeal denied habeas corpus petitions in which he presented the foregoing claims.

The return asserts that: (1) The waivers were voluntary; (2) Hannie was not deprived of the effective assistance of counsel; (3) his failure to make a motion under Penal Code section 995 bars him from now claiming any irregularity regarding the preliminary hearing; (4) he has failed to allege special circumstances justifying his failure to employ his remedy of appeal (see, e.g., *In re Shipp*, 62 Cal.2d 547, 552 [43 Cal.Rptr. 3, 399

P.2d 571]); and (5) he has not sufficiently explained his delay in presenting the collateral attack upon the judgment (see, e.g., *In re Swain,* 34 Cal.2d 300, 320 [209 P.2d 793]). It is unnecessary to consider the last two assertions, since irrespective of their merits, as we shall see, Hannie is not entitled to relief.

On March 22, 1961, Hannie appeared in propria persona in the superior court. He insisted upon being arraigned at that time, and the court proceeded with the arraignment. The trial was set for 9 a.m. on April 27, 1961, and the court told Hannie that, if the trial date was not agreeable to such counsel as he might employ, Hannie was to inform such counsel to contact the court immediately.

Nothing was heard from Hannie or his counsel until April 26, 1961, when attorney Bradford Arthur called the district attorney and apparently reported that he had a trial trailing in another court. The district attorney relayed this information to the court, and the court replied that it expected to proceed with the trial as scheduled.

Before 9 a.m. on April 27, 1961, Arthur advised the district attorney that it was Arthur's desire to have Hannie waive a jury and that attorney Milton Emlein would represent Hannie for that purpose.

Shortly thereafter Arthur telephoned the court and stated that he had another case that had been "trailed over" from the prior day.[1] The court advised him "that the Court had . . . warned . . . [Hannie] the last time [he] was before the Court that the Court expected this case to go to trial today and expected [him] to be ready, with or without counsel, to proceed to trial today." The court also informed Arthur that he should have contacted the district attorney previously, and Arthur agreed and said he would have someone present at 10 that morning to proceed with the trial. Arthur told the court that, although he "had not yet been retained" he had represented Hannie in the past and considered himself to be Hannie's attorney.

Following his conversation with the court, Arthur told Emlein that it was Arthur's intent to have a jury waived, to stipulate "that the People's case be put on via the transcript," and to have a continuance requested for the purpose of introducing defense testimony.

Subsequently, at 10:15 a.m. on April 27, 1961, immediately after the prosecution stated that the People were ready, attorney Emlein stated:

---

[1]That Arthur's conversation with the court was after his conversation with the district attorney is shown by the comment of another district attorney at the April 27, 1961, proceeding.

He was appearing for Arthur, who was unable to be present because another criminal case was continued until that day. Hannie had no knowledge until the night before that Arthur would not be present, and Hannie then sought permission [apparently from jail authorities] to send a telegram to Arthur or another attorney but was told that it was too late. Hannie desires a jury trial.

Emlein continued, "[Hannie] has requested the Court's consideration of two proposals. First, that the matter be continued with the stipulation—he says he is agreeable—to submit—that the People's case be submitted to a jury upon the transcript of the preliminary hearing with the right reserved to both the People and the defendant to call additional witnesses . . . or that if he is compelled to go to a jury trial today, that the Court appoint the Public Defender to . . . —assist and advise him during the . . . trial. It is his feeling that he does not desire to discommode the Court or the witnesses, and because of that he is willing to stipulate that the preliminary may be considered and submitted before the jury . . . ."

The court thereupon, after reciting some of the foregoing matters including what the court told Hannie at the arraignment, the fact that nothing was heard from him or his attorney until the preceding day when Arthur called the district attorney, and the contents of the court's subsequent conversations with the district attorney and Arthur, stated, "The Court would be . . . agreeable, if [Hannie] wishes, to submit the matter on the transcript to the Court, waive a jury, and to put the time for the defense over to such time as would be convenient to . . . Arthur or such attorney as [Hannie] may employ . . . ." The prosecution responded that it wanted to present additional evidence.

Thereafter the court stated that Arthur must have known of the probability of a conflict in trial dates and "yet he failed to inform the Court, and [Hannie] failed to inform the Court," and Emlein explained why the other case had been "trailed over."

The court stated that it would not appoint a public defender "to assist and advise" Hannie, that any public defender or whatever attorney represents Hannie will be in full charge of the case, and that "the Public Defender is obviously not prepared to represent [Hannie]."

Following comments by the court indicating that it thought this case had priority over the other case Arthur was involved in, Emlein stated that it was not Hannie's fault that Arthur was not present, and the court stated that it "assumed that to be so, but, on the other hand, [Hannie] was thoroughly admonished that it would be necessary if there was going to be any continuance, that his counsel inform the Court immediately. . . ."

Emlein then stated, "Under the circumstances, your Honor, [Hannie] tells me that he has no alternative other than to acquiesce in the waiver and the stipulation that . . . the People's case be submitted on the transcript reserving the right to call additional witnesses." The court responded, *"The Court doesn't want him to do that under pressure.* That was merely a suggestion by the Court which would accommodate the witnesses. All of the witnesses are here for the People . . . and the Court must consider them as well as the defendant's purported counsel. I say 'purported' because . . . Arthur said he had not actually been retained in this case . . . ." (Italics added.)

An off-the-record discussion ensued after which the following colloquy took place:

"THE COURT: *The Court informs you that should the Court grant the motion for a continuance, this Court's calendar is filled well into June,* and if it is set for May 8th, for instance, which is the suggested date, it might not get to trial on that date . . . . It might have to trail.

[Emlein then specified alternate dates given him by Arthur.]

"THE COURT: The same situation would be true on all those dates. As the Court stated, [its] calendar is well filled.

*"The Court does not want to force the defendant against his will to submit the matter to the Court.*

*"You may inquire of the witnesses, Mr. Marin* [the prosecutor], *as to whether May 8th would inconvenience any of them, or whether they would be unable to come on that date.* (Italics added.)

"The Court warned you, Mr. Hannie, the last time you were before the Court that this is what so often happens when a defendant is arraigned without counsel, and the Court correctly anticipated what might happen at this time."

Emlein then stated that Hannie had just advised him that Hannie desires to abide by Arthur's advice and waive a jury. Hannie was thereupon questioned and during the questioning waived a jury after reiterating that he desired to waive a jury "on my attorney's advice."[2] Emlein, on Arthur's behalf, and the prosecution joined in the waiver.

---

[2]The questioning in full was as follows:
"MR. MARIN: Mr. Hannie, you understand that you have a right to a jury trial?
"MR. HANNIE: I do.
"MR. MARIN: And not withstanding that right, it is your desire to waive your right to a jury trial and have the matter heard by the court, sitting without a jury?
"MR. HANNIE: Well, on the advice of my attorney—

The court then inquired, "Will there be a submission?" and the prosecutor and Emlein stipulated, in Hannie's presence and without objection by him, that the matter be submitted on the preliminary hearing transcript with the right reserved to both sides to call additional witnesses.

The preliminary hearing transcript was received, and the case was continued until May 8, 1961. On that date and the next day the trial was had before the court, sitting without a jury. Arthur was then present and represented Hannie. No motion was made to withdraw the waivers of the rights to a jury trial and confrontation. At the trial Warren Rohn, called as a defense witness, repudiated the testimony he had given at the preliminary hearing to the effect that Hannie committed the crimes charged with Rohn. Due to the stipulation the trial court was able to consider Rohn's preliminary hearing testimony as proof of Hannie's guilt.

A trial by jury may be waived (Cal. Const., art. I, § 7). ■ Likewise the right to confrontation may be waived, "and in numerous cases it has been held that no infringement thereof results when defense counsel, in defendant's presence and without objection by him, stipulates at trial that testimony given at the preliminary examination, as reflected in the transcript thereof, shall be given the same force and effect as though the witnesses had so testified at trial. [Citations.]" (*In re Mosley,* 1 Cal.3d 913, 921 [83 Cal.Rptr. 809, 464 P.2d 473].)

■ Waivers of constitutional and statutory rights must be voluntary (see *Brady* v. *United States,* 397 U.S. 742, 748 [25 L.Ed.2d 747, 756, 90 S.Ct. 1463]; *Brewer* v. *Municipal Court,* 193 Cal.App.2d 510, 515 [14 Cal.Rptr. 391]), and "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences" (see *Brady* v. *United States, supra;* in accord, *People* v. *Baily,* 1 Cal.3d 180, 186 [81

---

"Mr. Marin: You know what your attorney has advised you in the case, and he apparently has advised you to waive your right to a jury trial; is that correct?
"Mr. Hannie: No. He told me the last time I talked to him that we were to have a jury trial and I haven't seen him since then.
"The Court: The question is now whether you desire to waive a jury trial or whether you do not.
"Mr. Hannie: Well, I do, on my attorney's advice.
"Mr. Marin: Is it your personal desire since you know that your attorney—
"Mr. Hannie: Yes.
"Mr. Marin: It is your personal desire to waive your right to a jury trial; is that right?
"Mr. Hannie: Yes.
"Mr. Marin: You understand what I mean when I say 'personal desire'?
"Mr. Hannie: Yes, I do.
"Mr. Marin: That is what you want?
"Mr. Hannie: That is what I want, yes.
"The Court: And do you waive a jury?
"Mr. Hannie: I waive a jury, your Honor."

Cal.Rptr. 774, 460 P.2d 974]; *In re Walker,* 71 Cal.2d 54, 57 [77 Cal.Rptr. 16, 453 P.2d 456]).

■ Hannie, in support of his claim that the waivers were involuntary, alleges that "there was an off-the-record discussion with [District Attorney] Kirschke. . . . Kirschke stated he would not agree to a continuance unless [Hannie] waived a jury trial and agreed to submit the case on the preliminary transcript." Even if it be assumed that this statement was made, that it was made before the April 27, 1961, proceeding, and that Hannie was present, the statement does not establish that the waivers were involuntary. ■ A trial court, of course, can grant a continuance without the district attorney's concurrence.

■ Hannie also asserts that, although the court "did not . . . rule on the motion for a continuance until I had waived my rights," the court "clearly indicated [by the comments heretofore summarized] that [it] would not agree to a continuance unless I would waive the jury and submit the case on the preliminary transcript." However, the comments viewed in their entirety did not so indicate. The court did make several comments which if considered by themselves conceivably might have been viewed as suggesting that it would not grant a continuance unless Hannie waived his rights to a jury and to confrontation. However, the subsequent remarks of the court (italicized above) made it manifest that the court was considering granting a continuance irrespective of whether Hannie waived his rights.

Moreover, that Hannie did not waive his right to confrontation as a result of the court's comments is indicated by the fact that it was *defense counsel* who proposed the stipulation regarding the receipt of the preliminary hearing transcript, expressly stating it was agreeable to Hannie and explaining why (namely, in order not to inconvenience the witnesses and the court) and that this was done *before* the court said anything except to call the case. Although a later remark by the court might be interpreted as indicating that before the proceeding commenced the court had suggested the stipulation, it is apparent that any such suggestion met with Hannie's approval. That Hannie did not waive his right to a jury as a result of the court's comments is indicated by the fact that the reason he gave for the waiver at the time thereof was that he desired to follow the advice of his attorney, Arthur, and it appears that Arthur had decided he wanted to waive a jury before he even talked with the court.

Hannie relies upon *In re Ali,* 230 Cal.App.2d 585, 591 [41 Cal.Rptr. 108], which states that the exercise of one constitutional right cannot be conditioned upon the denial of another. Here, however, as shown above, there was no violation of that principle.

■ Hannie's claim that he was denied effective counsel at the preliminary hearing likewise does not afford a basis for habeas corpus relief. It is undisputed that Hannie did not make a motion under Penal Code section 995 to set aside the information, and, as the return points out, he is therefore barred from now claiming any irregularity in the preliminary hearing. (Pen. Code, § 996; *People* v. *Harris,* 67 Cal.2d 866, 868-871 [64 Cal.Rptr. 313, 434 P.2d 609] [app. dism. and cert. den. 391 U.S. 603 [20 L.Ed.2d 848, 88 S.Ct. 1867].)

■ Nor is habeas corpus warranted by Hannie's claim that he was denied effective representation at the superior court proceeding in which he waived his rights to confrontation and a jury. Hannie points to the fact that Arthur was not present at that proceeding, and Hannie asserts that Emlein "was unfamiliar with my case, and I had never conferred with him prior to that date." However, Emlein (Arthur's partner) appeared on Arthur's behalf, and the two attorneys had previously discussed the case. It may also be inferred that Emlein had talked to Hannie on the date of the proceeding before the commencement thereof.

The order to show cause is discharged and the petition is denied.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Sullivan, J., and Roth, J.*

---

*Assigned by the Chairman of the Judicial Council.